977 So.2d 105 (2008)
AMERICAN THRIFT & FINANCE PLAN INC. d/b/a State Farm Acceptance
v.
Charmaine B. RICHARDSON and Clifton G. Richardson.
No. 07-CA-640.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*106 Rodney J. Madere, Attorney at Law, Metairie, Louisiana, Counsel for Appellant, American Thrift.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
Plaintiff, American Thrift & Finance Plan, Inc.("American Thrift"), instituted this proceeding by executory process seeking to foreclose on a mortgage affecting immovable property in St. James Parish. The defendants are Charmaine B. Richardson and Clifton G. Richardson.[1] In the course of that proceeding, the property was sold by the sheriff of St. James Parish, and it was adjudicated to the foreclosing creditor, American Thrift.
After the foreclosure sale was completed and recorded by American Thrift in the conveyance records for St. James Parish, defendant, Clifton G. Richardson("Richardson") filed a Petition to Nullify the Judicial Sale claiming that the original petition lacked the necessary documentary evidence to support executory process. Without hearing, the trial court granted relief in favor of Clifton Richardson after finding that there were discrepancies in the recitals of the note and the mortgage, which precluded the use of executory process. The trial court nullified the sheriff's sale, revested title to the property in Richardson, yet recognized and maintained American Thrift's mortgage on the immovable property, and ordered Richardson to pay $30,905.00 at 18% interest per year, in monthly installments of $681.08 to begin 30 days after the judgment becomes final. American Thrift moved for and was granted a devolutive appeal from that judgment.
On appeal, American Thrift argues that the lower court erred in holding that there was a total lack of documentary evidence to support the petition for executory process. In its eight assignments of error, American Thrift specifies: (1) the lower court erred in holding that executory process was unavailable since the promissory note was paraphed for identification with the act of multiple indebtedness mortgage; (2) the lower court erred in holding that executory process was unavailable where there were discrepancies in signatures between the promissory note and the act of multiple indebtedness mortgage; (3) the *107 lower court erred in holding that executory process was unavailable where there were discrepancies between the amount of the promissory note and the multiple indebtedness mortgage; (4) the lower court erred in considering evidence that had not been introduced into evidence; (5) the lower court erred in holding that executory process was unavailable due to a variance in language between the multiple indebtedness mortgage and the promissory note related to attorney's fees; (6) the lower court erred in failing to consider the date the judicial sale was recorded; (7) the lower court erred in holding that the defendant carried the burden of proof; and (8) the lower court erred in changing the terms and conditions of the promissory note executed by the defendant.
Facts
On May 30, 2005, Clifton Richardson purportedly executed a promissory note for $57,210.72, made payable to American Thrift. That note was secured by and paraphed ne varietur for identification with an act of multiple indebtedness mortgage executed on that same date by Clifton Richardson and Charmaine Richardson in favor of American Thrift, affecting property in St. James Parish.[2]
On October 2, 2006, American Thrift filed suit seeking to foreclose by executory process on the promissory note and mortgage. The petition contained a description of the immovable property at issue; a copy of the promissory note; and a certified copy of the multiple indebtedness mortgage that secured the note, which also contained a description of the immovable property at issue. The petition sought issuance of an order of executory process and a writ of seizure and sale.
On or about October 9, 2006, the Sheriff of St. James Parish seized the property described in the above mortgage, and notified them of the seizure and sale, which sale was scheduled for November 15, 2006, or any day thereafter.[3] On or about October 11, 2006, Richardson, in proper person, filed an objection with exhibits to the Petition for Executory Process and Notice of Seizure and Sale. The record reflects that the sale, which was scheduled for December 6, 2006, was advertised properly.
On November 20, 2006, Richardson, in proper person, filed a Petition for Injunction alleging that the Sheriff should be preliminarily and permanently enjoined from selling his property on December 6, 2006 because Richardson did not sign the mortgage that is the basis of the foreclosure action. Richardson further avers that his estranged wife, Charmaine, forged his signature and conspired with a "principal of American Thrift to commit fraud in encumbering his separate property." On November 22, 2006, the trial judge set the hearing on the injunction for December 11, 2006, five days after the scheduled sale.
On December 6, 2006, American Thrift, the seizing creditor, purchased the property at the Sheriff's sale for $940.88, as evidenced by the Sheriff's return contained in the record. Richardson's Petition for Injunction was denied as moot at the hearing on December 11, 2006. On December 22, 2006, the St. James Parish Sheriff filed the Sheriff's Sale for recordation with the St. James Parish Clerk of Court.
*108 On or about January 20, 2007, Richardson filed a Petition for Nullity of Sheriff's Sale and for Damages, alleging that the sale was an absolute nullity because the petition did not contain the necessary documentation to justify the use of executory process. Richardson specifically alleged that the promissory note was erroneously paraphed to the multiple indebtedness mortgage; his purported signature on the mortgage does not correspond with his purported signature on the note; there was discrepancy between the interest rate listed in the promissory note (19.72%) and the petition (18%); he was not offered the mandatory three-day right of rescission at the time of the execution of the mortgage on his primary residence; and, finally, he is legally blind and cannot say that the signature on the mortgage is his "genuine signature." The sole defendant named in that action was American Thrift. Defendant prayed for judgment invalidating the sale, declaring the alleged security interest as "null and void," and awarding costs, damages, and attorney fees.
Although American Thrift specifies eight assignments of error on appeal, we will consolidate our analysis and concentrate on the central issues. We will first address the question of whether Richardson was entitled to maintain his action to annul the sale made under executory process on any of the grounds alleged, considering the fact that he did not enjoin successfully that sale and did not suspensively appeal from the order directing that a writ of seizure and sale be issued.
The general rule is that defenses and procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and sale, or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both. See La. C.C.P. art. 2642, and Comment (a) under that article. Our courts, however, have recognized an exception to the above general rule.
The jurisprudence holds that a mortgagor who has failed to enjoin the sale of property by executory process, or who did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, may institute and maintain a direct action to annul the sale on certain limited grounds, provided that the property was adjudicated to and remains in the hands of the foreclosing creditor. See Reed v. Meaux, 292 So.2d 557 (La.1973); League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Viley v. Wall, 154 La. 221, 97 So. 409 (1923); Powell v. Carter, 233 So.2d 369 (La.App. 1 Cir.1970); Ford Motor Credit Company v. Herron, 234 So.2d 517 (La. App. 3 Cir.1970); Jambois O. & M. Machine Shop, Inc. v. Dixie Mill Supply Company, 218 So.2d 672 (La.App. 4 Cir. 1969).
In Reed v. Meaux, supra, the supreme court made it clear that, in specific circumstances, a sale through executory process can be attacked by means of a direct action, filed after the sale has been completed, solely on the ground that there were defects in the proceedings which are substantive in character and which strike at the foundation of the executory proceeding. In Bankers Life Co. v. Shost, 518 So.2d 563, 565-566 (La.App. 5 Cir.1987) this Court, citing Ellerd v. Williams, 404 So.2d 1271, 1273 (La.App. 2nd Cir.1981), held that "a sheriff's sale pursuant to judgment ordering executory process is subject to annulment for fraud or ill practices by the creditor and adjudicates where no third [party] rights have intervened."
Fraud is defined in La. C.C. art. 1953 as "a misrepresentation or a suppression of truth made with the intention either to obtain an unjust advantage for one party *109 or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." Furthermore, La. C.C. art. 1957 provides that "fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence."
In this matter, Richardson alleged fraud and/or conspiracy on the part of his estranged wife and a "principal of American Thrift" in his Petition for Injunction, which was denied as moot. Richardson specifically contended that his signature on the loan was forged. Thus, under the current jurisprudence, Richardson was entitled to maintain a direct action to annul the sale to American Thrift on the grounds of fraud.
After a careful review of the record before us, we note, however, that Richardson did not allege fraud in his Petition to Annul the sheriff's sale to American Thrift.[4] Thus, we find that the trial court erred in granting relief to Richardson pursuant to that filing. We note, further, that the judgment at issue was rendered without the taking of any evidence. Thus, even if we were to find that Richardson had properly pled fraud, we find that the trial judge abused its discretion in finding in favor of plaintiff without accepting evidence at a contradictory hearing.
Based on the foregoing, we vacate the judgment of June 18, 2007 in its entirety. We order the Clerk of Court for St. James Parish to cancel and erase from its records the judgment dated June 18, 2007 and recorded as Instrument No. 137314 in Book 343, Folio 492. Costs of this appeal are taxed to appellee, Clifton G. Richardson.
JUDGMENT VACATED AND ORDERED ERASED.
NOTES
[1] In the lower court proceeding, Charmaine B. Richardson was deemed absent from Louisiana. A curator was appointed to represent her. Her representative did not object to the lower court proceeding at any point. She is not a party to this appeal.
[2] The note of $57,210.72 was secured by a mortgage of $50,000.00 on the immovable property described in the act. In this case, the promissory note was undersecured; specifically, $7,210.72 of the promissory note was unsecured by the mortgage.
[3] On October 23, 2006, the St. James Parish Sheriff filed its Notice of Seizure to Charmaine B. Richardson with the Clerk of Court for St. James Parish.
[4] We also note that Richardson's Petition for Nullity was filed under the same district court number as the executory proceedings. Traditionally, Louisiana appellate courts have imposed a requirement that an action for nullity based on fraud or ill practices be brought in an ordinary proceeding, rather than collaterally in a summary proceeding. Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir. 1989); Ledford v. Pipes, 507 So.2d 9 (La.App. 2d Cir.1987). That rule is reflected in Official Revision Comment (d) to La. C.C.P. art. 2004, which states as follows: "No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally." However, the First and Fourth Circuits have declined to apply the strict rule requiring that an action for nullity based on fraud and ill practices be brought in a separate proceeding. See Roach v. Pearl, 95-1573 (La. App. 1 Cir. 5/10/96), 673 So.2d 691; Gazebo, Inc. v. City of New Orleans, 97-2769 (La.App. 4 Cir. 3/23/98), 710 So.2d 354; Succession of Schulz, 622 So.2d 693 (La.App. 4th Cir.1993); Zatzkis v. Zatzkis, 632 So.2d 307 (La.App. 4th Cir.1993). Because Richardson failed to specifically allege fraud in his Petition to Annul, we need not reach that issue in this case.