# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### CW13-251


**SUCCESSION**

**OF**

**MARILYN VAUGHN SMITH PHILLIPS**


**\*\*\*\*\*\*\*\*\*\*\*\***


**SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 51,686
HONORABLE G. MICHAEL CANADAY, JUDGE**


**\*\*\*\*\*\*\*\*\*\*\*\***


**J. DAVID PAINTER JUDGE**


**\*\*\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Billie Howard Ezell, and J. David Painter, Judges.

**REVERSED.**



**Kenneth Michael Wright**
**203 W. Clarence Street**
**Lake Charles, LA 70601**
**Attorney for Defendant-Relator:**
    **Briant L. Smith**

**Maurice Tynes**
**4839 Ihles Road**
**Lake Charles, LA 70605**
**Attorney for Plaintiff-Respondent:**
    **Julie Clark**

**PAINTER, Judge.**

Relator, Briant L. Smith, seeks supervisory writs from the ruling of the trial court ordering him to give certain real property to Julie Clark, administratrix of the Succession of Marilyn Vaughn Smith Phillips. For the following reasons, we reverse the ruling of the trial court.

## FACTS AND PROCEDURAL HISTORY

Marilyn Vaughn Smith Phillips died on February 4, 1999. She was survived by her two children, Relator and Arn Smith who died on August 14, 2005. Relator filed a Petition for Appointment as Administrator Forthwith on December 12, 2011. Attached as an exhibit was an affidavit dated May 14, 2000, from Arn Smith verifying that he relinquished any claim to the succession property located at 1317 East Ford Street in Lake Charles, LA, as well as his death certificate showing his date of death as August 14, 2005. On December 20, 2011, the trial court signed an order appointing relator as administrator. Relator filed a Petition for Possession on January 13, 2012, and on January 24, 2012, the trial court signed a judgment of possession putting Relator into possession of the succession property.

On May 1, 2012, Julie Clark filed a Petition to Re-Open Succession, and for Appointment of a Succession Representative, and Other Relief. The trial court issued a judgment reopening the succession and appointing Clark as the administratrix. On February 13, 2013, a hearing was held on a rule to show cause why Respondent should not deliver the Ford Street house to Clark. The trial court subsequently issued a ruling ordering Smith to deliver physical possession of the Ford Street house to Clark. That ruling was reduced to a written judgment which was signed on March 14, 2013. On February 14, 2013, Respondent filed a Notice of Intent to Apply for Supervisory Writs and Request for Stay. The trial court stayed the effect of its ruling pending action by this court and gave Respondent

1

until March 14, 2013 to file his writ application. The application was timely filed with this court.

## DISCUSSION

Respondent asserts that to return the property to the succession, the new succession representative would need to petition the court for nullity of the previously issued judgment of possession, and that proper procedure for annulment has not been followed. He also notes that the petition to reopen was not based on the omission of property.

In Clark's petition to reopen the succession and to be appointed administratrix, she asserted the following grounds:

1. Olmsted Shipyard, Inc. filed a Request for Notice of Appointment of Succession Representative on July 2, 2012, under docket number 49738-G; the deputy clerk signed a certificate on December 12, 2011, indicating that no notice had been filed; therefore, the relator's appointment as administrator was based on a false certificate.

2. The instrument allegedly signed by Smith, releasing his interest in the property, was not in sufficient form and was notarized by a person whose commission had not been issued.

3. Smith was a co-heir at the time of Phillips' death.

4. The affidavit of death and heirship and oath of administrator filed on December 12, 2011, were sworn to on January 8, 2008, by the relator's wife, a person whose notary commission was not in effect on that date.

5. A proposed judgment of possession was filed on December 12, 2011, and signed by Judge Savoie on December 20, 2011, who wrote "denied" with the notation that an administrator was appointed.

6. A petition for possession was filed on January 13, 2012, purportedly signed by the relator; the signature was unlike the relator's other signatures and looked similar to that of the relator's wife.

7. A sworn descriptive list of properties comprising Phillips' estate was sworn to before the relator's wife, and the affiant's signature appeared to be in the same hand as the relator's wife; the list included only the house and no other belongings.

2

8. The affidavit verifying the petition for possession was sworn to before the relator's wife, and both signatures appear to be in the same hand; the affidavit is false, and therefore, insufficient.

9. The judgment of possession is null and void, based on illegal, fraudulent, and insufficient documents.

This appears to be a collateral attack on the judgment of possession. "A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it." *Corcoran v. Gauthier*, 97-516, p. 6 (La.App. 4 Cir. 1/7/98), 705 So.2d 1233, 1236, *writ denied*, 98-342 (La.3/27/98), 716 So.2d 888 (citation omitted). "The only judgments which may be collaterally attacked are those which are absolutely null because of a vice of form as provided in LSA-C.C.P. art. 2002." *Succession of Schulz*, 622 So.2d 693, 696 (La.App. 4 Cir. 5/27/93). Louisiana Code of Civil Procedure Article 2002 provides that:

A. A final judgment shall be annulled if it is rendered:

(1) Against an incompetent person not represented as required by law.

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.

(3) By a court which does not have jurisdiction over the subject matter of the suit.

B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

Clark does not assert any of these grounds for annulment; rather she asserts that the judgment of possession was rendered as a result of fraud or ill practices.

A final judgment obtained by fraud or ill practices is not an absolute nullity; the nullity must be properly decreed within the time prescribed. *Knight,* 566 So.2d at 137; *see* LSA-C.C.P. art. 2004(B). No specific provision was made in Article 2004 regarding the manner of asserting the grounds of nullity. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. LSA-C.C.P. art. 2004, Official Revision Comments-1960, comment

3

(d); *see Knight*, 566 So.2d at 137, citing *Nethken*, 307 So.2d at 565, and *Pontchartrain Park Homes, Inc. v. Sewerage and Water Bd. of New Orleans,* 246 La. 893, 168 So.2d 595, 597 (1964). Thus, the party praying for the nullity of a relatively null judgment must bring his action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits. *Knight*, 566 So.2d at 137;*see* LSA-C.C.P. art. 1201; *Ledford v. Pipes*, 507 So.2d 9, 11 n. 1 (La.App. 2nd Cir.1987). A direct action can be brought by filing a separate proceeding or by the filing of a pleading in the same proceeding as that in which the offending judgment was rendered. Roach, 673 So.2d at 694; *Knight*, 566 So.2d at 137. The limitation envisioned by comment (d) to LSA-C.C.P. art. 2004 prohibits the issue from being raised by way of an affirmative defense, such as in the answer or by exception. Clearly, any of those methods would be a collateral attack, that is, an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling the judgment. *Knight*, 566 So.2d at 137; *see Roach*, 673 So.2d at 693-94; *Succession of Schulz*, 622 So.2d 693, 696 n. 3 (La.App. 4th Cir.1993), *writ denied*, 93-2605 (La.1/13/94), 631 So.2d 1161. The reason for this rule is that a relative nullity involves a factual issue which must be proven by evidence placed in the record. *Ledford*, 507 So.2d at 11.

*Smith v. LeBlanc*, 06-41, pp. 6-7 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 71-72. *See also Regions Bank v. Cabinet Works, L.L.C.*, 11-748 (La.App. 5 Cir. 4/10/12), 92 So.3d 945; *American Thrift & Finance Plan Inc. v. Richardson*, 07-640 (La.App. 5 Cir. 1/22/08), 977 So.2d 105; *Mooring Financial Corp. 401(K) Profit Sharing Plan v. Mitchell*, 08-1250 (La.App. 4 Cir. 6/10/09), 15 So.3d 311. The trial court suggested in its oral statements at the hearing that it was vacating the prior judgment of possession.

Since no direct action to annul the succession has been filed, the judgment of the trial court ordering ordering Smith to deliver physical possession of the Ford Street house to Clark was improper and is reversed.

## CONCLUSION

The judgment of the trial court ordering the delivery of the Ford Street property is reversed. Costs of this application are assessed to the Respondent, Julie Clark.

**REVERSED.**