ROBERT M. MURPHY, Judge.
| ¡>This appeal arises from the granting of a motion for summary judgment in favor of plaintiff-appellee, Wells Fargo Bank, N.A., and denying defendant-appellant, Cynthia Joyce Thompson’s cross-motion for summary judgment, dismissing the petition filed by Thompson seeking to annul the sheriffs sale conducted pursuant to executory process. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 25, 2002, Thompson executed a written mortgage agreement and promissory note in the principal amount of $121,099.00, plus interest at 7.5%, a loan made for the acquisition of immovable property located at 2814 Newton Street in Gretna, Louisiana. The mortgage and note were subsequently transferred and assigned to Wells Fargo Bank, N.A. (“Wells Fargo”). Under the terms of the note, Thompson was required to repay the principal indebtedness, with interest, over thirty years through monthly installment payments of $846.74. A certified copy of the mortgage was recorded in Jefferson Parish on July 11, 2007.
|3On July 24, 2007, Wells Fargo filed a petition for executory process against Thompson, alleging that she was in default under the terms of her mortgage due to her failure to make the monthly payments for the prior six months. In the petition, Wells Fargo sought a writ of seizure and sale directing the sheriff to sell the property to satisfy the principal sum of $115,551.97, plus 7.5% interest, from December 1, 2006 until paid.
On or about October 5, 2007, the parties entered into a Special Forbearance Agreement, wherein Thompson acknowledged that her loan was then past due for nine monthly payments and agreed to make a series of scheduled payments over the next four months. However, after Thompson made only the first of the four scheduled payments under the Special Forbearance Agreement, Wells Fargo resumed its foreclosure action in December of 2007. On December 11, 2007, Wells Fargo filed a supplemental and amended petition, alleging that Thompson failed to comply with the terms of the Special Forbearance Agreement. After applying the payment received from Thompson, Wells Fargo alleged that the principal balance was $115,427.48, plus 7.5% interest, from January 1, 2007 until paid.
In March of 2008, Thompson filed a Chapter 13 bankruptcy action in the U.S. Bankruptcy Court for the Eastern District of Louisiana, which was subsequently dismissed on June 17, 2008. Following the dismissal of Thompson’s bankruptcy action, Wells Fargo and Thompson entered into a Loan Modification Agreement on *185 October 21, 2008. In the Loan Modification Agreement, Thompson acknowledged that as of January 1, 2009, the unpaid principal balance under the mortgage and note would be $147,061.72 and agreed to pay that balance through monthly payments of $898.56, plus 6.125% interest, beginning on January 1, 2009.
14After Thompson failed to comply with the terms of the Loan Modification Agreement, Wells Fargo proceeded with its foreclosure action, and the property was sold to Wells Fargo in a sheriffs sale on July 21, 2010. At no time did Wells Fargo file a second supplemental and amended petition alleging the terms of the Loan Modification Agreement. On August 1, 2010, the sheriffs deed evidencing the sale of the property was recorded in the Jefferson Parish mortgage and conveyance records.
Thompson filed suit against Wells Fargo on May 18, 2011, seeking to annul the sheriffs sale of the property seized and sold through executory process. On August 9, 2013, Wells Fargo filed a motion for summary judgment, asserting that there was no genuine issue of material fact. On August 30, 2013, Thompson filed an opposition and cross-motion for summary judgment. After a hearing, the trial court granted Wells Fargo’s motion for summary judgment, denied Thompson’s cross-motion for summary judgment, and dismissed all of Thompson’s claims against Wells Fargo with prejudice. Thompson now appeals.
STANDARD OF REVIEW
A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law.” Marengo v. Harding, 13-47 (La.App. 5 Cir. 5/16/13), 118 So.3d 1200, 1202 (citing La. C.C.P. art. 966(B)). It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Garrison v. Tanenbaum, 02-1181 (La.App. 5 Cir. 4/8/03); 846 So.2d 40, 42; (citing Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750). Therefore, this court must consider | .¡whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Id.
LAW AND ANALYSIS
In her sole assignment of error, Thompson contends that the trial court erred in granting summary judgment in favor of Wells Fargo, and in denying her cross-motion for summary judgment, because Wells Fargo’s failure to amend its petition for executory process to allege the terms of the October 21, 2008 Loan Modification Agreement constituted a substantive defect, rendering the sale of the property null. Thompson asserts that after she failed to comply with the terms of the October 5, 2007 Special Forbearance Agreement, Wells Fargo filed a supplemental and amended petition reflecting the change in the principal balance and her breach thereof. However, she contends that before proceeding with the sale of her property, Wells Fargo failed to similarly supplement and amend its petition to reflect the terms of the October 21, 2008 Loan Modification Agreement, which included changes in the principal balance, interest rate and monthly installment amount. Thompson alleges that this failure constitutes a substantive defect sufficient to annul the sale of the property.
Conversely, Wells Fargo contends that Thompson’s argument is purely procedural *186 and not substantive. Wells Fargo contends that Thompson failed to timely seek an injunction to arrest the seizure and sale of the property, or a timely suspensive appeal from the order of seizure pursuant to La. C.C.P. art. 2642, nor did she seek any other relief related to the sale of the property until nearly ten months after the recordation of the sheriffs deed of sale. As a result, Wells Fargo argues that Thompson has waived any and all defenses, evidentiary errors or objections regarding the foreclosure action.
LThe general rule is that defenses and procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and sale, or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both. American Thrift & Finance Plan Inc. v. Richardson, 07-640 (La.App. 5 Cir. 1/22/08), 977 So.2d 105, 108. Our courts, however, have recognized an exception to the above general rule. Id. Louisiana law provides that a debtor who fails to exercise the right to take a suspensive appeal or to enjoin the sale may, under limited circumstances, attempt to nullify the completed sheriffs sale. Gulf Coast Bank & Trust Co. v. Warren, 12-1570 (La.App. 4 Cir. 9/18/13), 125 So.3d 1211, 1217 (citing First Guaranty Bank, Hammond, La. v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 841 (La.1988)). If the creditor is the adjudicatee at the sale, the debtor may attack the sale as a nullity, even though the debtor failed to exercise his right to take a suspensive appeal or enjoin the sale, based solely on substantive defects in the executory proceeding, such as fraud, lack of notice, or ill practices by the creditor. Id.; American Thrift & Finance Plan Inc., 977 So.2d at 108.
Defects in the proceedings that are substantive in character and that strike at the foundation of the executory proceeding, as opposed to defects of form, may be used to invalidate a sale through executory process. Deutsche Bank Nat’l Trust Co. v. Carter, 10-663 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286; see also First Guar. Bank, Hammond, La. v. Baton Rouge Petroleum Ctr., Inc., 529 So.2d 834, 840-41 (La.1987); Reed v. Meaux, 292 So.2d 557, 574-75 (La.1973).
In 1975, the legislature added La. R.S. 13:4112 prohibiting actions to annul completed judicial sales of immovable property by executory process by reason of any objection to form or procedure or lack of authentic evidence in the executory proceeding, which provides, in pertinent part, as follows:
17No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the process verbal of the sale or filed the sale for recordation in the conveyance records of the parish ...
Therefore, objections as to the lack of authentic evidence or as to defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property by executory process after recordation. First Guar. Bank, Hammond, La., 529 So.2d at 841; Gulf Coast Bank & Trust Co., 125 So.3d at 1217. In enacting La. R.S. 13:4112, the legislature mirrored the principle of Louisiana’s public records doctrine, which entitles third party purchasers to rely on the ownership status of real property as reflected on the face of the public record, absent evidence of fraud, error or mistake. Schudmak v. Prince Phillip P’ship, 573 *187 So.2d 547, 550 (La.App. 5 Cir.1991); La. R.S. 9:2721.
In this case, Thompson did not timely seek an injunction or exercise her right to take a suspensive appeal based on the grounds asserted in her petition to annul. The sheriffs deed evidencing the sale of the property to Wells Fargo was recorded in the Jefferson Parish public records on August 1, 2010, and Thompson filed her petition to annul the sale on May 18, 2011. However, because the property remains in the hands of the foreclosing creditor, Wells Fargo, Thompson could arguably annul the sale of the property only upon proof of a substantive defect in the executory proceeding, such as fraud, lack of notice, or ill practices by Wells Fargo.
Here, Thompson asserts that Wells Fargo’s original and supplemental petitions allege principal balances of $121,099.00 and $115,427.48, respectively, plus an interest rate of 7.5% interest. At the time that the parties entered into the October 21, 2008 Loan Modification Agreement, the arrearages noted in the 1 ^original and supplemental petitions were added to the principal balance. The amount of the principal balance increased to $147,061.72, and the interest rate was reduced to 6.125%. Thompson alleges that proceeding with the foreclosure and sale of the property without first amending the petition to include these changes constitutes a substantive defect.
After reviewing the record de novo, we find that Thompson has failed to show that there is any genuine issue of material fact evidencing a substantive defect sufficient to annul the sale of the property. We find that Wells Fargo’s failure to amend its petition to allege the change in principal balance and interest rate reflected in the Loan Modification Agreement does not constitute a defect that is substantive in character or that strikes at the foundation of the executory proceeding. See Deutsche Bank Nat’l Trust Co., 59 So.3d at 1286. Thompson does not allege that her mortgage was not in default or that the principal balance reflected in Wells Fargo’s foreclosure and sale of her property are inaccurate, only that Wells Fargo failed to follow the proper procedure before proceeding to the foreclosure and sale of the property when it failed to amend the principal balance and interest rate. We find that such claims do not rise to the level of substantive defects sufficient to invalidate a sale through exec-utory process, such as fraud, lack of notice, or ill practices by the creditor.
Rather, we find Thompson’s claim to be in the nature of a “defect of form” or a procedural objection. First Guar. Bank, Hammond, La., 529 So.2d at 841. As such, Thompson was required to raise this defense to the executory process proceeding through an injunction to arrest the seizure and sale, or by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both. Id. Because she failed to do so, or to seek any relief related to the sale of her property until nearly ten months after the recordation of the sheriffs deed, ^Thompson is prohibited under La. 13:4112 from seeking to annul the completed judicial sale of the property on the grounds asserted in her appeal.
Therefore, we find that there is no genuine issue of material fact as to whether Wells Fargo’s failure to amend its petition for executory process to allege the terms of the October 21, 2008 Loan Modification Agreement constituted a substantive defect, rendering the sale of the property null.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Wells Fargo’s *188 motion for summary judgment and denying Thompson’s cross-motion for summary judgment, dismissing her claims against Wells Fargo with prejudice, is affirmed.

AFFIRMED.