STEPHEN J. WINDHORST, Judge.
12Defendant, Gail Marie Vance, appeals from the trial court’s denial of her Motion for Temporary Restraining Order and Preliminary/Permanent Injunction. We affirm the decision of the trial court.
Chase Home Finance, LLC, (Chase) filed suit for executory process on October 21, 2008, alleging that Ms. Vance had purchased residential property, and entered into a promissory note and mortgage starting on June 1, 2006 with Capital One, N.A. Thereafter, the note and mortgage were transferred to Chase.
Initially, Ms. Vance paid her mortgage notes, but subsequently failed to make installment payments, starting with the payment due on May 1, 2008. On October 30, 2008, a Writ of Seizure and Sale was issued and a sheriffs sale was scheduled, but a forbearance agreement was reached and the sale did not take place. Only one payment was made, and on December 5, 2011, the petition for executory process was amended. A sheriffs sale was set for March 6, 2013, but Ms. Vance filed for Chapter 13 bankruptcy on March 5, 2013.
|aThe note and mortgage were assigned to Federal National Mortgage Association (FNMA), and on April 15, 2013, Chase filed a supplemental and amending petition reflecting the change. Thereafter, the scheduled sale was set aside and Ms. Vance later voluntarily dismissed her petition for bankruptcy. Another sheriffs sale was set for December 11, 2013, and Ms. Vance again filed for bankruptcy on December 10, 2013. Ms. Vance again voluntarily dismissed her bankruptcy suit after the sale was again set aside.
After all due delays and advertisement, on August 6, 2014, the property was sold by judicial sale to FNMA. The Sheriffs Deed evidencing the sale, dated August 6, 2014, was recorded in the Office of Mortgages and Conveyances on August 26, 2014.
On September 26, 2014, Ms. Vance filed a request for a temporary restraining order and for preliminary/permanent injunction, seeking to enjoin the purchaser from her anticipated eviction and challenging the validity of the sheriffs sale. After a hearing the trial court denied her relief, and Ms. Vance filed a motion for suspen-sive appeal.[1]
*138 In this appeal, Ms. Vance alleges that the trial court erred by failing to grant her temporary restraining order, and in finding that she did not present a 'prima facie case on the merits in her request for preliminary injunction. She contends that she presented a prima facie case to show FNMA lacked standing to proceed with the executory process. She also contends that she presented a prima facie case to show that the Order of Seizure (of her property) via Executory Process was unlawful and FNMA had acted fraudulently.
|4La. R.S. 13:4112 provides that:
No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish.
La. R.S. 13:4112 prohibits an attack upon the validity of a judicial sale by exec-utory process on objections to form or procedure or by reason of the lack of authentic evidence after recordation of the sheriffs sale or proces verbal. Money Shack, Inc. v. Martin, 512 So.2d 576, 578 (La.App. 3 Cir.1987). Therefore, objections as to the lack of authentic evidence or as to defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property by executory process after recordation. Wells Fargo Bank, N.A. v. Thompson, 14-3 (La.App. 5 Cir. 05/21/14), 142 So.3d 182, 186-187. In enacting La. R.S. 13:4112, the legislature mirrored the principle of Louisiana’s public records doctrine, which entitles third party purchasers to rely on the ownership status of real property as reflected on the face of the public record, absent evidence of fraud, error or mistake. Id.
Defects of form or procedure, and objections to the lack of authentic evidence, may not be used as a ground for an action to annul a judicial sale of immovable property by executory process. Deutsche Bank Nat’l Trust Co. v. Carter, 10-663 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286. A sale through executory process can be attacked, by direct action filed after the sale has been completed, for defects in the proceedings that are substantive in character and that strike at the foundation of the executory proceeding. Id. In First Guar. Bank, Hammond, La. v. Baton Rouge Petroleum Ctr., Inc., 529 So.2d 834, 840-41 (La.1987), the court said that “even if he fails to appeal or enjoin the sale, the | ^mortgagor-defendant in an executory proceeding may bring a subsequent direct action to annul the sale, if the mortgagee is the adjudicatee at the sale and is still in possession of the property sold at it.” The court also said that “Further, a suit to annul a sale based on a fundamental defect can be brought at any time, providing the property is still in the hands of the mortgagee-adjudicatee and the action to annul a sheriffs sale has not prescribed.”
Ms. Vance contends that FNMA did not have standing to seize the property, and that it acted fraudulently in doing so. Without determining whether the facts alleged by defendant charge defects of form, lack of evidence or a substantive defect, this court notes that at no time prior to the seizure and sale did Ms. Vance *139 file a petition for injunction or other legal proceeding to enjoin the sale, nor did she file an appeal from the judgment seizing the property. Furthermore, she did not file a direct action to annul after the property had been sold at a sheriffs sale. Pursuant to La. R.S. 13:4112, a defendant cannot contest defects of form or procedure in the foreclosure proceeding, after the property has been seized and sold, and after the sale has been recorded, to obtain injunctive relief in her eviction proceedings. In' addition, a defendant cannot raise a claim of a substantive defect by filing for injunctive relief to a potential or actual eviction proceeding by the new owner.
For the above reasons, we find that the trial court did not err in denying plaintiffs request for temporary restraining order and preliminary/permanent injunction. The judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant/appellant, Gail Marie Vance.
AFFIRMED.

. After the motion for appeal was granted by the trial court, Vance filed a motion for new trial. At that time, the trial court was without jurisdiction to rule on the motion.