**EVERHOME MORTGAGE COMPANY**

v.

**Michael Gregory LEWIS, (a/k/a Michael G. Lewis, Michael Lewis)**

**NO. 16–CA–323**

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

---

**3.** *Bellard v. Am. Cent. Ins. Co.*, 07–1335 c/w 07–1399 (La. 4/18/08), 980 So.2d 654, 671.

COUNSEL FOR PLAINTIFF/APPEL-
LEE, EVERHOME MORTGAGE COM-
PANY, Penny M. Daigrepont, Lindsay G.
Faulkner, Zara L. Zeringue

COUNSEL FOR DEFENDANT/AP-
PELLANT, MICHAEL GREGORY
LEWIS, (A/K/A MICHAEL G. LEWIS,
MICHAEL LEWIS), Regel L. Bisso, Rob-
ert G. Miller, Jr.

Panel composed of Fredericka Homberg
Wicker, Robert A. Chaisson, and Hans J.
Liljeberg

CHAISSON, J.

⌊₁In this foreclosure case, Michael Greg-
ory Lewis appeals the trial court's Decem-
ber 17, 2015 judgment granting Everhome
Mortgage Company's peremptory excep-
tions of prescription and no cause of ac-
tion. For the following reasons, we affirm
the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

On March 4, 2008, Mr. Lewis executed
with New South Federal Savings Bank a
mortgage note in the original principal
sum of $123,500.00 secured by a mortgage
on the property located at 5417 Pritchard
Road in Marrero, Louisiana. This note was
endorsed and transferred from New South
Federal Savings Bank to Everhome Mort-
gage Company ("Everhome"), which was
the last holder of the note. On November
30, 2010, Everhome filed a petition for
executory process in which it averred that
the note and mortgage were past due and
exigible and that the monthly installments
due from January 1, 2009, were due and
unpaid. On December 3, 2010, the trial
court ordered a writ of seizure and sale of
the property, which the clerk of court is-
sued on December 6, 2010. Service on Mr.
Lewis was accomplished on February 17,
2011, through a court-appointed curator,
and a sheriff's sale of the property was set
for July 27, 2011. Prior to the judicial sale,
the court-appointed curator withdrew,
stating that she had provided Mr. Lewis

with copies of the petition for executory process. She included with her motion to withdraw certified mail receipts signed by Mr. Lewis on March 31, 2011, confirming his receipt of the pleadings sent by the curator. From April to July, Mr. Lewis corresponded and communicated with Everhome representatives regarding the foreclosure proceedings and pending sheriff's sale. Efforts to negotiate payment and reinstatement of the mortgage were unsuccessful, and on July 27, 2011, the property was sold at a sheriff's sale, whereby it reverted back to |₂Everhome for lack of competitive bidding. The sheriff's deed in favor of Everhome was recorded in the conveyance records on September 9, 2011.

On October 12, 2011, Everhome requested and was issued a writ of possession by the Jefferson Parish clerk of court for the 5417 Pritchard Road property pursuant to La. R.S. 13:4346. The sheriff's office notified Mr. Lewis of the execution of the writ of possession and eviction by a letter posted on the door October 21, 2011. The eviction was completed on October 27, 2011. The property was subsequently sold by Everhome, and has been transferred multiple times.

On May 8, 2015, almost four years after the foreclosure, Mr. Lewis filed a Petition for Nullity, Wrongful Eviction, Wrongful Issuance and Execution of Writ of Possession, Breach of Contract and Damages. In his petition, Mr. Lewis alleges that the day following the sheriff's sale, Everhome changed the locks on the property which prevented Mr. Lewis from continuing to live on the property or access his movable property. He claims that Everhome representatives denied him access to the property, and further alleges that he never received personal service or notice of any of the proceedings. In his prayer for relief, he asks the court to declare the entire foreclosure proceedings a nullity, including the sheriff's sale and writ of possession. He also seeks damages for the conversion and/or improper removal of his movable property, which was placed on the street and lost subsequent to the filing of the writ of possession. He additionally requests damages for a violation of his civil rights under 42 U.S.C. § 1983.

On October 9, 2015, Everhome filed peremptory exceptions of prescription and no cause of action.[1] A hearing on the exceptions was held on December 16, 2015. Everhome argued that Mr. Lewis's action to nullify the order of seizure and sale prescribed for failure to assert defenses to Everhome's executory process suit |₃either by a timely injunction to arrest the seizure and sale pursuant to La. C.C.P. art. 2751, *et seq.*, or by a suspensive appeal from the order directing the issuance of a writ of seizure and sale pursuant to La. C.C.P. art. 2642. Everhome also argued that any action to nullify the sheriff's sale had prescribed pursuant to La. R.S. 13:4112, which requires that any action to set aside or annul a judicial sale of immovable property by executory process, by reason of an objection to form or procedure, be accomplished prior to the sheriff filing the sale, or a *proces verbal* thereof, for record in the conveyance office of the parish where the property is located. Further, Everhome argued that Mr. Lewis's claims for damages were also prescribed because the one year prescriptive period for delictual actions set forth in La. C.C. art. 3492 begins from the date the damages were sustained, which would have been in July

---

1. Everhome initially filed dilatory exceptions of improper cumulation of actions and unauthorized use of summary proceedings; however, those exceptions were continued following an unopposed motion to sever the proceedings. Mr. Lewis's claims were considered by the trial court in an ordinary proceeding.

or October of 2011, many years before Mr. Lewis filed his petition.

In opposition, Mr. Lewis conceded that any cause of action to annul the seizure and sale of the property was prescribed and agreed to a dismissal of that claim with prejudice; however, he argued that because the writ of possession was improperly served, the prescriptive periods for his causes of action relating to the eviction, including the § 1983 claim and the claim for conversion of his movable property, had not run.

On December 17, 2015, the trial court issued a judgment sustaining Everhome's exceptions of prescription and no cause of action, and dismissed Mr. Lewis's petition with prejudice. Mr. Lewis now appeals that judgment, raising the following assignments of error:

1) The district court erred in not finding the writ of possession an absolute nullity.

2) The district court erred in finding the prescriptive period for 42 U.S.C. § 1983 to be one year.

3) The district court erred in considering evidence outside the petition in granting Everhome's exception of no cause of action as to Michael Lewis's claim for damages for wrongful issuance of and execution of the writ of possession.

4) The district court erred in finding, as a matter of law, that Everhome was not a state actor within the requirements of 42 U.S.C. § 1983.

We address these assignments of error *in globo*.

## DISCUSSION

*Prescription of Damages Claims*

■ In reviewing a peremptory exception of prescription, the standard of review requires the appellate court to determine whether the trial court's finding of fact was manifestly erroneous. *Herrera v. Gallegos*, 14–935 (La.App. 5 Cir. 10/28/15), 178 So.3d 164, 171 (citing *Adams v. Grefer*, 11–1157 (La.App. 5 Cir. 9/11/12), 99 So.3d 1083, 1086, *writ denied*, 12–2707 (La. 2/8/13), 108 So.3d 91). Liberative prescription is a mode of extinguishing a legal claim that has not been filed by a creditor during a time period stipulated by law. La. C.C. art. 3447. Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. The one year liberative prescriptive period for delictual actions begins to run from the day the injury or damage is sustained. La. C.C. art. 3492. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception; however, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed by showing suspension, interruption, or renunciation of the prescription. *Ss v. State*, 02–0831 (La. 12/4/20), 831 So.2d 926, 931.

In his petition for nullity, Mr. Lewis alleges that Everhome changed the locks at the property on July 28, 2011, the day after the sheriff's sale, and that in October, 2011, Everhome had all of Mr. Lewis's personal property removed from the property and placed on the street where it was stolen by unknown persons. Mr. Lewis's petition sets forth an action for conversion under La. C.C. art. 2315, which has been defined as a delictual act in derogation of possessory rights, and as any wrongful exercise or assumption of authority over another's goods, depriving him of the possession permanently or for an indefinite time. *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985); *see Boisdore v. Int'l City Bank & Trust Co.*, 361 So.2d 925 (La. App. 4 Cir. 1978), *writ denied*, 363 So.2d 1384 (La. 1978). The alleged conversion or illegal seizure of Mr. Lewis's movable property occurred either

in July 2011 at the time he claims the locks were changed, or in October 2011 when his movable property was placed on the street. The petition was filed on May 8, 2015, more than three years after the date of the injury, and thus under the one year liberative prescription established by La. C.C. art. 3492, Mr. Lewis's claim is prescribed on its face. Accordingly, the trial court did not err in sustaining Everhome's exception of prescription with regard to Mr. Lewis's claims for illegal conversion.

■ Mr. Lewis also seeks damages for an unconstitutional violation of his civil rights pursuant to 42 U.S.C. § 1983. In determining the timeliness of a claim under § 1983 civil rights provisions, state limitation statutes are applied. *Ss, supra.* Such actions are subject to the same one year prescriptive period contained in La. C.C. art. 3492, unless plaintiff shows an exception established by legislation. *Id.* Mr. Lewis has shown no such exception here, and the trial court did not err in sustaining the exception of prescription for this claim. Because any potential § 1983 claim is clearly prescribed, we pretermit any discussion of whether Everhome was a state actor as argued in Mr. Lewis's fourth assignment of error.

*Prescription of Actions for Nullity*

■ An executory proceeding in Louisiana is an *in rem* proceeding that provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. *Deutsche Bank* ⌊₆*Trust Co. Am. v. Ochoa*, 12–800 (La.App. 5 Cir. 5/23/13), 120 So.3d 735, 740. Executory process is used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment. La. C.C.P. art. 2631. The

Louisiana Code of Civil Procedure recognizes two methods by which a mortgagor defendant may assert defenses and procedural objections to an executory proceeding: the filing of an injunction to arrest the seizure and sale, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale. La. C.C.P. arts. 2642; *Deutsche Bank Nat'l Trust Co. ex rel. Morgan Stanley ABS Capital I, Inc. v. Carter*, 10–663 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286; *American Thrift & Finance Plan Inc. v. Richardson*, 07–640 (La.App. 5 Cir. 1/22/08), 977 So.2d 105, 108.

■ The Louisiana Supreme Court has recognized that even where a mortgagor defendant in an executory proceeding fails to appeal or enjoin the sale, he may by subsequent direct action annul the sale. *Reed v. Meaux*, 292 So.2d 557, 560 (La. 1973); *First Guar. Bank v. Baton Rouge Petroleum Ctr., Inc.*, 529 So.2d 834, 840–41 (La. 1988). Such actions to annul are not governed by the procedure or prescription applicable to actions of nullity of judgments found in La. C.C.P. arts. 2001 to 2006, because the order of sale is not a final judgment in the strict legal sense. *Reed* at 561. Actions to annul brought in executory proceedings, however, are limited by both statute and jurisprudence. La. R.S. 13:4112; *First Guar. Bank, supra.* La. R.S. 13:4112 states in part:

No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish.

■ |₇As this court has previously noted, objections based on defects in form or procedure may not be used as grounds for an action to annul a judicial sale by executory process after recordation. *Chase Home Fin., LLC v. Vance*, 15–115 (La. 5 Cir. 10/14/15), 177 So.3d 136, 138. Additionally, the Supreme Court has held that an action to annul a judicial sale from an executory proceeding based on a fundamental defect may be brought at any time, provided that the property is still in the hands of the mortgagee–adjudicatee and the action to annul a sheriff's sale has not prescribed. *First Guar. Bank., supra.*

■ At the hearing, Mr. Lewis conceded that his action to annul the seizure and sale of the property has prescribed; he did not assert objections by either injunction or suspensive appeal, and the property is no longer in the possession of Everhome. Nevertheless, Mr. Lewis argues that the writ of possession should be annulled because he was not properly served with the writ of possession, citing La. C.C.P. art. 2002 as authority for the premise that an action to annul may be brought at any time. As previously noted, the Supreme Court in *Reed* held that actions to annul orders of seizure and sale in executory proceedings are not subject to La. C.C.P. arts. 2001, *et seq.*, because those articles expressly apply only to final judgments, and orders of seizure and sale are not final judgments. *Reed, supra.* Similarly, the order issuing the writ of possession

pursuant to the judicial sale in an executory proceeding is not a final judgment for purposes of application of La. C.C.P. arts. 2001, *et seq.* While the statute authorizing the issuance of a writ of possession does not state what defenses, if any, may be asserted to the issuance of such a writ, nor place any limits on actions to annul such a writ, it is reasonable to apply those same limitations established by the legislature and our previous jurisprudence on actions to annul judicial sales to actions to annul writs of possession issued |₈pursuant to those judicial sales.² An action to annul a writ of possession issued pursuant to La. R.S. 13:4346 must be brought while the property is still in the hands of the mortgagee-adjudicatee and while the action to annul a sheriff's sale has not prescribed. In this instance, the trial court did not err in determining that all of Mr. Lewis's actions for nullity relating to the executory proceedings are prescribed, given that the sheriff's deed had already been recorded in the Jefferson Parish conveyance records and the property had been sold to innocent third party purchasers many years before Mr. Lewis filed his lawsuit.

## CONCLUSION

All of Mr. Lewis's claims have prescribed. His causes of action for damages and related § 1983 civil rights violations prescribed one year following the date of the alleged injury. His actions to annul the

2. The statute which authorizes the issuance of writs of possession following judicial sales in executory proceedings is La. R.S. 13:4346, which states:

Whenever a sheriff or constable acting under a writ of fieri facias, seizure and sale, or other order of sale, sells and adjudicates immovable property, and the occupant thereof does not deliver possession thereof on demand to the purchaser after the latter has paid the price of adjudication and has received an act of sale from the sheriff or constable, and due return has been made on the writ or order of sale, the clerk of the court which issued the writ or rendered the order, on the written demand of the purchaser, his agent, or attorney at law, shall issue a writ of possession. This writ shall be addressed to the sheriff or constable, commanding him to put the purchaser in physical possession of the property sold, in the same manner as now provided by law for other writs of possession.

judicial sale and subsequent writ of possession for improper service prescribed following the recordation of the sheriff's deed and the transfer of the property from Everhome to third party purchasers. Our determination that all of Mr. Lewis's claims have prescribed pretermits any discussion of the exception of no cause of action. We affirm the ruling of the trial court dismissing the petition with prejudice.

**AFFIRMED**