MOORE, J.
| ] Nations tar Mortgage LLC and Federal Home Loan Mortgage Corp. (“Freddie Mac”) seek supervisory review of a ruling that denied their motion to strike a petition to annul a sheriffs sale and their dilatory and peremptory exceptions, notably an exception of no cause of action. For the reasons expressed, we grant the writ and make it peremptory, grant the motion to strike and sustain the exception of no cause of action, and remand for further proceedings.

Procedural Background

In 2008, Gena Parham and her then-husband, Brent, bought a house in Forest Hills Subdivision, in Haughton, 'La. They signed a promissory note in favor of Countrywide Bank FSB for $828,500, along with a mortgage with confession of judgment affecting the property. The mortgage and note were assigned to Nationstar in 2012.
On January 2, 2014, Nationstar filed this petition for executory process against the Parhams, alleging they had defaulted on the note, with over $312,000 still due. On January 6, the court issued a writ of seizure and sale. The Parhams, however, were not living in the house; service was made on a tenant. In February, the court appointed an attorney as curator ad hoc to represent the Parhams in the foreclosure.
On April 23, 2014, the property was sold at sheriffs sale and adjudicated to Na-tionstar; a proces verbal of the sale was filed on June 24. On May 12, Nationstar conveyed the property to Freddie Mac, and this was recorded in the conveyance records on July 21. On August 1, the clerk of court issued a writ of possession directing the sheriff to compel the Parhams, |aor any other occupants, to vacate the premises and deliver possession to Freddie Mac.
On August 8, 2014, Ms. Parham filed a “Petition to Annul Sale” in the foreclosure action. She alleged that she was never served with notice of the petition or execu-tory process, and that the curator ad hoc failed to notify her (or her ex-husband) of the suit. She requested that the sale be annulled and set aside, and the writ of possession revoked, by summary proceedings (she sought a temporary restraining order and permanent injunction).
Nationstar and Freddie Mac responded with a motion to strike; dilatory exceptions of unauthorized use of summary procedure,’ of. improper cumulation of actions and improper use of executory process; peremptory exceptions of res judicata, no cause of action and prescription; and a request for expedited consideration. In essence, these contended that the only authorized methods of contesting an executo-ry process were those stated in La. C. C. P. art. 2642 A: injunction proceeding to arrest the seizure and sale, or a suspensive appeal from the order of seizure and sale. Since Ms. Parham had pursued neither of these options, she had no cause of action.
Ms. Parham opposed the motion to strike and the exceptions, arguing that Nationstar was aware that she and her husband had moved to Georgia, knew their address, and had been in communication with Ms. Parham by email about modifying the mortgage, but still went ahead with the foreclosure and sheriffs sale without properly notifying them. Ms. Parham argued that her motion to annul the sale was properly filed in the executory ^process suit, as occurred in Brown v. Everding, *233 357 So.2d 1243 (La. App. 2 Cir. 1978).[1]
Nationstar and Freddie Mac re-urged their motions to strike and various exceptions. They also argued that Brown v. Everding was inapposite because, in that case, the seizing creditor never questioned the validity of filing a nullity action in the executory process suit.
A hearing was set for April 25, 2015. The district court held what it called a “lengthy5’ pretrial conference, heard arguments and orally ruled in favor of Ms. Parham, denying the motion to strike and all exceptions. The court stated that there was no claim for money damages, only to annul the “judgment from executory process.” The court conceded that Brown v. Everding “did not reach where you would file the motion to annul, it just says that it needs to be filed,” but felt this was all that was necessary for Ms. Parham’s petition for nullity to proceed, and rendered judgment to that effect.
Nationstar and Freddie Mac took a writ application, which this court granted to docket on September 1, 2016. Oral argument was held on January 11, 2017.

The Parties’ Positions

The applicants designate seven assignments of error. Finding merit in two of these, we pretermit consideration of the others.[2]
|4By their first assignment, they urge the court erred in denying their motion to strike.- The' Code of Civil Procedure does not permit the filing of a motion to annul sale as a response to a petition for executo-ry process. Article 2642 limits defenses and procedural objections to an injunction proceeding to arrest the seizure and sale and a suspensive appeal from the order directing the seizure and sale. Because Ms. Parham took neither of these approaches, they urge, she waived all defenses and objections. They further contend that Brown v. Everding is inapplicable because the seizing creditor in that case never challenged the validity of the debtor’s suit for nullity and thus waived its viable argument.
By théir sixth assignment, the applicants urge the court totally failed to address the merits of their exception, ie., that Ms. Parham waived her claims by failing to follow Art. 2642. They concede that the jurisprudence allows a debtor to file a direct action to annul a judicial sale, but only when the property was adjudicated and remains in the hands of the foreclosing creditor. Reed v. Meaux, 292 So.2d 557 (La. 1973); American Thrift & Fin. Plan Inc. v. Richardson, 07-640 (La.App. 5 Cir. 1/22/08), 977 So.2d 105. They also argue injunctive relief is not available after the conduct sought to be enjoined has already taken place. Dryades Sav. & Loan Ass’n v. Givens, 602 So.2d 325 (La. App. 4 Cir. 1992). They submit that the writ should be granted and judgment rendered granting the motion to strike and sustaining all exceptions.
Ms. Parham responds that a direct action can be brought by filing “a separate proceeding or by the filing of a pleading in *234 the same proceeding as that in which the offending judgment was rendered,” citing cases that did not | ¿involve executory proceedings.[3] She further argues that “R.S. 13:4112 is not the end-all to the matter”: even a debtor who failed to take a suspen-sive appeal or to enjoin the sale may, under limited circumstances, attempt to nullify the completed sheriffs sale. Gulf Coast Bank & Tr. v. Warren, 2012-1570 (La.App. 4 Cir. 9/18/13), 125 So.3d 1211; First Guarantee Bk. v. Baton Rouge Petroleum Ctr. Inc., 529 So.2d 834 (La. 1988); Wells Fargo Bk. NA v. Thompson, 14-3 (La.App. 5 Cir. 5/21/14), 142 So.3d 182. She submits that her action fits squarely within these permitted limits.
She also contends that because executo-ry process is such a harsh remedy, it must be strictly complied with. She refers to (but does not cite) “specific evidence” that Nationstar knew that she and her husband did not live at the house, but knew their current address and never sent them notice before filing suit, resulting in a substantive defect and denial of due process, in violation of Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). She concludes that the writ should be denied and the district court’s decision affirmed in all respects.

Discussion

The assertion of defenses to an ex-ecutory proceeding is regulated by La. C. C. P. art. 2642 A, which provides in pertinent part:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
| (¡The plain language of this article makes clear that unless an injunction or a suspensive appeal is taken, the opponent to executory process waives all defenses or objections. Gibsland Bk. & Trust Co. v. Boddie, 480 So.2d 906 (La. App. 2 Cir. 1985), and citations therein. This court has recognized that the permissive “may” in Art. 2642 A implies that other modes may be available to assert objections. Id.; Louisiana Ass’n for the Blind Inc. v. Robertson, 552 So.2d 580 (La. App. 2 Cir. 1989). However, other methods are possible only if they comport with the spirit of Art. 2642 and serve to arrest the sale or distribution. Gibsland Bk. & Trust v. Boddie, supra.
The action to nullify a judicial sale in executory proceedings is regulated by La. R.S. 13:4112, which provides, in pertinent part:
No action may be instituted to- set aside or annul the judicial sale of immovable property by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale *235 for recordation in the conveyance records of the parish.
The jurisprudence holds that the mortgagor who has failed to enjoin the sale of the property by executory process, or did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, may maintain a direct action to annul the sale on certain limited grounds, provided that the property was adjudicated to and remains in the hands of the foreclosing creditor. Reed v. Meaux, supra; League Cent. Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); American Thrift & Fin. Plan v. Richardson, supra, and citations therein.
Ms. Parham filed the instant petition.to annul the sheriffs sale on August 8, 2014. This was after the court issued its writ of seizure and sale (January 6, 2014), after the sheriffs sale and adjudication to Na-tionstar 17(April 23, 2014), and, critically, after Nationstar conveyed the property to Freddie Mac (May 12, 2014, recorded July 21, 2014). Simply put, the option for her to nullify the sale was no longer available.
Ms. Parham’s (and the district court’s) reliance on Brown, v. Everding, supra, to reach the opposite result is unavailing. A close reading of that opinion shows that the affected property was still in the hands of the mortgagee, who had bought the property at the sheriffs sale, when the debtor filed his petition to annul the judicial sale. Moreover, the mortgagee failed to raise the defense of R.S. 13:4112 in the district court, leading this court to treat it as a waiver. Neither circumstance is present in the instant case.
With Ms. Parham, this court recognizes that executory process is a “harsh remedy, requiring for its use a strict compliance by the creditor with the letter of the law.” First Federal Sav. & Loan of New Iberia v. Moss, 616 So.2d 648 (La. 1993); Walter Mtg. Co. v. Turner, supra. However, Ms. Parham has not shown any failure of compliance on the part of Nationstar, such as improper venue, La. C. C. P. art. 2633, use of inauthentic evidence, Art. 2635, or, critically, lack of service on the attorney for an unrepresented defendant, Art. 2641. On Nations-tar’s motion, the district court appointed a curator ad hoc on February 6, 2014, and service was effected on February 11. The failure of the curator to communicate with the mortgagors does not negate the validity of the executory proceeding. La. C. C. P. art. 5098; Carter v. First South Farm Credit, 49,531 (La.App. 2 Cir. 1/14/15), 161 So.3d 928, unit denied, 2015-1166 (La. 9/18/15), 178 So.3d 151, cert. denied, — U.S. —, 136 S. Ct. 1199, 194 L.Ed.2d 183 (2016); Gulf Coast Bank & Tr. v. Warren, supra. The curator’s conduct may activate the limited remedies provided injgArt. 5098, but do not warrant nullifying the sale. At any rate, compliance with Art. 2642 appears to satisfy the due process requirement of “notice reasonably calculated under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections.” Mennonite Board of Missions v. Adams, supra; Walter Mortgage Co. v. Turner, supra.

Conclusion

For the reasons expressed, the writ is granted and made peremptory. The applicants’ motion to strike is granted and their exception of no cause of action is sustained. The matter is remanded to the district court for further proceedings consistent with this opinion. All costs are to be paid by the respondent, Gena F. Parham, a/k/a Gena Renee Fuller Parham.
WRIT GRANTED AND MADE PEREMPTORY. MOTION TO STRIKE GRANTED; EXCEPTION OF NO *236 CAUSE OF ACTION SUSTAINED. MATTER REMANDED.

. Ms. Parham simultaneously filed-a second supplemental and amending petition and, "out of an abundance of caution,” a separate petition, in a new docket number, alleging all the same things. She removed the separate petition to federal court; state court proceedings were dormant for 14 months until the federal district judge remanded the matter to the 26th JDC, in December 2015.

. The other assignments contest the denial of applicants’ (2) dilatory exception of unauthorized use of summary procedure, (3) dilatory exception of improper cumulation of actions, (4) dilatory exception of improper use of exec-utory process, (5) peremptory exception of res judicata, and (7) peremptory exception of prescription.

. Gazebo Inc. v, City of New Orleans, 97-2769 (La.App. 4 Cir. 3/23/98), 710 So.2d 354; Mooring Fin. Corp. 401(k) Plan v. Mitchell, 2008-1250 (La.App, 4 Cir. 6/10/09), 15 So.3d 311; Smith v. LeBlanc, 2006-0041 (La.App. 1 Cir. 8/15/07), 966 So.2d 66; Succession of Phillips, 2013-251 (La.App. 3 Cir. 8/21/13), 120 So.3d 955; Knight v. Sears, Roebuck & Co., 566 So.2d 135 (La. App. 1 Cir.), writ denied, 571 So.2d 628 (1990); Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691; Dickey v. Pollock, 183 So. 48 (La. App. 2 Cir. 1938). She also cites this court’s recent opinion of Walter Mtg. Co. v. Turner, 51,007 (La. App. 2 Cir. 11/16/16), 210 So. 3d 425, 2016 WL 6777379 but that case actually reversed a judgment that nullified a sheriff’s sale deed, and contradicts the proposition for which it is cited.