749 So.2d 712 (1999)
Marva Ann LUMAR, et al.
v.
MID STATE TRUST II.
No. 99-CA-451.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1999.
*713 Phyllis M. Williams, LaPlace, for Plaintiff/Appellant.
Robert W. Tillery, Hammond, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and SUSAN M. CHEHARDY.
DALEY, J.
Marva Lumar, tutrix for the minor Shawna Harrison, filed a Petition for Nullity seeking to annul any judgment in favor of defendant mortgagee, Mid State Trust II. Defendant held a mortgage on immovable property owned by Shawna[1] Harrison's deceased mother, Laura Harrison. Lumar alleges that the failure of Mid State Trust II to recognize the minor's interest in the immovable property and/or its failure to order the court to appoint a tutor to represent her interests constitutes a defect in the executory process and therefore, "any" judgment should be annulled.
Laura Harrison, the decedent, was owner of a home secured by a mortgage held by Mid State Trust II. When she died intestate in February of 1995, she left two daughters, one an adult and the other a minor. Latonia Lumar Pierre, the adult daughter, petitioned the court on May 25, 1995 to be appointed Executrix of her mother's succession (Succession of Laura Harrison on the Probate Docket of the 40th JDC, No. 3574). It appears that Latonia and her husband and children, along with her sister, the minor daughter Shawna, continued to live in the house but fell behind in the mortgage payments, precipitating the foreclosure suit by executory process filed on February 4, 1998 in the 40th JDC, Case No. 38,123, captioned "Mid State Trust II v. Latonia Lumar Pierre in her capacity as Administratrix of the Succession of Laura M. Harrison".
Mid State served Latonia Pierre in her capacity as administratrix of her mother's succession with all pleadings in the executory process. The property was seized and sold at sheriff's sale without appraisal, and was purchased by Mid State on April 22, 1998.
While Pierre was appointed administratrix of the succession, no one was appointed tutor of her minor sister prior to the foreclosure proceeding. After the Sheriff's sale in the foreclosure action a Judgment of Possession was signed in the succession matter placing the sisters into possession of their mother's estate, which included the home, though it had already been sold at the sheriff's sale.
According to the brief, appellant Marva Lumar is the sister of Laura Harrison and aunt of Shawna. When she learned that the house had been seized and sold without a tutor being appointed to represent Shawna's interests, Lumar applied and was appointed tutrix of the minor child. Thereafter, she filed the Petition for Nullity of *714 Judgment, seeking to have "any" judgment affecting the minor's interest in the immovable property declared an absolute nullity because the minor's interests were not recognized in the executory process.
Counsel for Mid State filed Exceptions of Lack of Personal Jurisdiction, No Right of Action, and No Cause of Action. He alleged that service upon him of Lumar's petition was insufficient as he was not Mid State's appointed agent for service of process. The Exception of No Right of Action alleged that the proper party to bring an action regarding a right of the succession was the administratrix of the succession, Latonia Lumar Pierre, and not Marva Lumar as tutrix of the minor.
The trial court heard arguments on the exception and granted the Exceptions of Lack of Personal Jurisdiction and No Right of Action, and declined to rule on the Exception of No Cause of Action. Plaintiff Lumar filed a Writ Application with this court, which was dismissed as both untimely and improper as the judgment was appealable. This appeal followed.
On appeal, Lumar argues that service of the executory process on only the succession administratrix is not sufficient notice to the unrepresented minor heirs of the succession. Second, she argues that the failure to appoint a tutor to represent the minor heir's interests in the executory process is a substantive defect. Third, she argues that the sale of the property without appraisal, in which the minor heir held an undivided one-half interest, was a substantive defect in the executory process. Fourth, Lumar argues that the trial court erred when it sustained Mid State's Exception of Lack of Jurisdiction, but then allowed Mid State's counsel to argue the Exceptions of No Right of Action and No Cause of Action. She also argues that the court erred in granting the Exception of No Cause of Action, and finally, that the trial court erred when, after it granted the Exception of Lack of Jurisdiction, it failed to allow her time to obtain proper service upon the defendant, Mid State.
Mid State argues, on appeal, that no "judgment" per se exists to annul, because this was an executory process pursuant to a mortgage. They further note that nowhere in the nullity suit does plaintiff pray for the sheriffs sale to be annulled.

ANALYSIS
An executory proceeding in Louisiana is an in rem action derived from the civil law. It provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. The mortgagor-defendant may bring a direct action to annul the sale if the mortgagee is the adjudicatee at the sale and is still in possession of the property. Objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property by executory process. Hibernia Nat. Bank v. Lankster, 578 So.2d 535 (La. App. 4 Cir.1991).
Articles 2672, 2673 and 2675 of the Code of Civil Procedure establish the proper procedure to pursue a claim against a succession or heir.
Art. 2672. Proceeding against heirs or legatees
When the original debtor is dead, and his heirs or legatees have accepted his succession, the executory proceeding may be brought against his heirs or legatees.
If an heir or legatee is dead, incompetent, or absent, his heirs, legatees, succession, or legal representative may be made a party defendant to the executory proceeding as provided above and in Articles 2673 and 2674, as the case may be.
*715 Art. 2673. Proceeding against legal representative
When the property of the original debtor is under the administration of a legal representative, the executory proceeding may be brought against his legal representative, and no other person need be made a party to the proceeding.
Art. 2675. Case falling within application of two or more articles; plaintiff may bring proceeding under any applicable article
If a case falls within the provisions of two or more of Articles 2671 through 2674, the plaintiff may bring the executory proceeding under any applicable article.
A clear reading of these articles shows that Mid State's service of the executory proceeding upon Latonia Lumar Pierre as administratrix of her mother's succession was proper. The law does not require Mid State to serve the minor heir individually or appoint a tutor to represent her interests. Therefore, it cannot be a substantive defect in the executory proceedings that Mid State did not request a tutor be appointed for Shawna nor served with the suit.
The action to set aside a sale by executory process is not governed by Articles 2001 through 2006 of the Code of Civil Procedure, which prescribe the grounds for nullity of a final judgment. An order of sale is not a judgment in the strict sense, [cite omitted], and an action to annul it is not governed by the procedure or prescription applicable to action of nullity of judgments. [cites omitted] Reed v. Meaux, 292 So.2d 557 (La.1973). Further, an action to annul a sale on the grounds of procedural defects must be brought in a direct action, not collateral. Id. at p. 561. We note that Marva Lumar's suit to annul is a collateral action and was not brought in the executory proceeding.
The trial court granted the Exception of No Right of Action, finding that the proper party to bring Shawna's suit would have been the succession representative (her sister), not her tutrix appointed after-the-fact. We do not agree. Lumar is not suing Mid State to enforce a right of the succession; she is suing Mid State to enforce the unique rights of the unrepresented minor heir.[2] As tutrix of the minor, Lumar is the proper party plaintiff to sue on behalf of the minor.
We also find, however, that in ruling on the Exception of No Right of Action, the trial judge stated that he found no defect in the executory process. In essence, he treated the exception more like a Motion for Summary Judgment, in that Mid State's defenses did not emphasize Lumar's status as plaintiff so much as they showed Mid State committed no substantive error in the executory process. We agree with the trial court's factual finding that in the executory process, Mid State was not obligated to serve anyone other than Latonia Lumar Pierre, in her capacity as her mother's succession's administratrix. Mid State was not responsible for appointing a tutor to protect the minor's interest under the factual scenario in this case.
Therefore, while the court may have erred in granting the Exception of No Right of Action, we find no error in the result of the trial court's ruling because we find that Mid State committed no errors in the executory process.
Likewise, the granting of the Exception of Lack of Jurisdiction over Mid State without allowing Lumar an opportunity to amend achieved the correct result, because Mid State is not the party responsible for protecting the minor's interests, and allowing her additional time to serve them would not have mattered.
*716 Regarding the lack of appraisal prior to the property's sale, LSA-C.C.P. art. 2723 states:
Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage, the security agreement, or the document creating the privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for. There is no requirement that seized property subject to a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.), be appraised prior to the judicial sale thereof.
[Emphasis added.]
The act of mortgage contained a waiver of appraisal. The lack of appraisal in a judicial sale is not a per se defect in the proceedings simply because a minor has an interest in the property. The lack of an appraisal precludes the mortgagee from seeking a deficiency judgment and requires that the debt stand as satisfied with the amount brought at the judicial sale. LSA-C.C.P. art. 2771; LSA-R.S. 13:4106.
Finally, the court did not err in hearing argument on all the exceptions. The record shows that the court did not rule on any one exception until all the arguments were made. Further, law requires that the defendant bring all dilatory and declinatory exceptions at the same time. LSA-C.C.P. art. 928.
Accordingly, for the reasons assigned, the trial court's judgment dismissing Lumar's suit is affirmed.
AFFIRMED.
NOTES
[1] Her name appears spelled alternatively Shona and Shawna.
[2] The succession representative is the proper party plaintiff to sue to enforce a right of the deceased or his succession, while the latter is under administration. LSA-C.C.P. art. 685.