MARC E. JOHNSON, Judge.
12DefendanVappellant, Nichelle Carter, who is in proper person, appeals the trial court’s denial of her motion to vacate the sale of her home pursuant to a writ of seizure and sale obtained through executo-ry process. For the reasons that follow, we affirm.
On October 27, 2008, plaintiff/appellee, Deutsche Bank National Trust Company as Trustee on behalf of Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 and/or MERS (“Deutsche Bank”), filed a Petition for Executory Process seeking a writ of seizure and sale for property located at 2418 Ormond Blvd. in Destrehan and mortgaged by appellant. Deutsche Bank asserted it was the holder and owner of the mortgage note and alleged appellant had defaulted on the note by failing to' pay the installments due in *1284 accordance with the terms of the note. It further alleged the | ¡¡balance on the note was $494,251.23 and was due in full on March 21, 2008, but remained unpaid. Deutsche Bank attached the promissory-note and certified copies of the mortgage to its Petition. On October 28, 2008, the trial court issued a writ of seizure and sale.
Thereafter, on November 24, 2008, Deutsche Bank filed a motion to appoint a curator on the basis appellant could not be served at her last known address of 2418 Ormond Blvd. and, thus, she was an absentee who could not be served with the petition for executory process and' notices of seizure and sale of the property. A notice of constructive seizure attempted to be served on appellant at 2418 Ormond Blvd. by the sheriff was returned with a notation that appellant did not live there. Another notice of constructive seizure was taped onto the door of the property. Pursuant to Deutsche Bank’s motion, an attorney was appointed as curator ad hoc to represent appellant and accept service of the petition and notices.
On March 2, 2009, the curator filed his return noting that he attempted to locate appellant by certified mail to her last known, addresses, which was identified through an internet research, and through two public notices published in the newspaper. Two days later, on March 4, 2009, the property at 2418 Ormond Blvd. was sold to Deutsche Bank through a sheriffs sale.
Nine months later, on December 9, 2009, appellant filed an “Emergency Motion to Vacate Final Summary Judgment and Vacate Sheriff Sale for Fraud, Damages In-junctive Relieve [sic] and Other Reheve [sic].” Essentially, appellant sought to set aside the foreclosure and sale of her property on the basis Deutsche Bank did not have standing to bring the foreclosure proceedings because it was not the owner of the mortgage note. Deutsche Bank opposed the motion on the basis it was untimely, procedurally defective and barred by the prohibition against a collateral attack on a final judgment. The matter was set for hearing. On the day |4of the hearing, May 6, 2010, appellant filed an “Amended Motion to Vacate Final Judgment, Now Styled as a Petition for Nullity,” which sought to annul the trial court’s October 28, 2008 order granting executory process and issuing the writ of seizure and sale on the basis defects in the executory process amounted to fraud and ill practices. Appellant specified the fraud as being the lack of assignment of the loan from the original lender, Decision One Mortgage Company, to Deutsche Bank, and the fact Deutsche Bank was not the proper party to foreclose on the property because it had not suffered actual injury.
After a hearing, the trial court denied appellant’s motion explaining that appellant’s remedy to challenge the foreclosure proceedings was to file for an injunction before the sale of the property or to file a suspensive appeal from the order granting the writ of seizure and sale. The trial court further noted appellant’s motion did not constitute a direct action against Deutsche Bank.
On appeal, appellant argues the trial court erred in denying her motion to vacate the sale because Deutsche Bank obtained executory process through fraud and ill practices. She claims Deutsche Bank lacked standing to institute the foreclosure because it is not the true owner of the note and it did not suffer any injury or loss. Appellant further contends the balance Deutsche Bank claimed she owed on the note was erroneous. To support her position, appellant attached exhibits to her appellate brief that purport to show she was making payments on the loan and that the loan balance was decreasing.
*1285 Deutsche Bank filed a Motion to Strike the exhibits from appellant’s brief on the basis the exhibits were not offered into evidence at the trial level and, therefore, are improperly before this Court. In response, appellant filed a Motion to Have Case Remanded for Introducing Newly Discovered Evidence. Appellant asserts that had the trial court been aware of this new evidence, which is attached to her ^appellate brief, the ruling would have been different. She requests her case be remanded for the admission of the new evidence.
Pursuant to La. C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments, and other rulings, unless otherwise designated. La. C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. The appellate briefs of the parties are not a' part of the record on appeal, and this Court has no authority to consider facts referred to therein if those facts are not in the record. Examination of exhibits attached to an appellate brief, but not offered into evidence at the trial court, is beyond the scope of our review. Distefano v. B & P Const., Inc., 04-25, pp. 4-5 (La.App. 5 Cir. 5/26/04), 874 So.2d 407, 411, writ denied, 04-1735 (La.10/15/04), 883 So.2d 1058.
We find the exhibits attached to appellant’s brief, which were not introduced into evidence and are not a part of the record, were improper and may not be considered by this Court on appeal. Accordingly, we grant Deutsche Bank’s Motion to Strike the exhibits from appellant’s brief.
Considering appellant’s motion to remand, we note that in order for this Court to remand a case so the trial court can receive new evidence, the existing judgment must be set aside without review. Such authority should be exercised sparingly. Love v. AAA Temporaries, Inc., 03-1460, p. 2 (La.10/17/03), 858 So.2d 410, 411. A remand for new evidence is proper when the evidence was unobtainable with due diligence for the original trial and the new evidence is likely to affect the outcome of the case. Id.; Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463, 465 (La.1970).
| (¡According to appellant, she discovered new evidence while preparing her appeal. This new evidence consists of a letter dated September 6, 2008 from Countrywide to appellant indicating her personal information may have been compromised by a former employee of Countrywide, a document from MERS servicer identification system that purports to evidence appellant’s loan, and five pages of some sort of log allegedly kept by Deutsche Bank. Appellant contends these five pages show different balances on her loan which supports her argument that Deutsche Bank fraudulently foreclosed on her property.
Appellant attached an affidavit to her motion to remand stating all this evidence was newly discovered and unknown to her prior to the trial court’s ruling on her motion to vacate. She further stated she obtained the evidence from an acquaintance who “gained access to [Deutsche Bank’s] proprietary loan level files and turned those fílés over to [her] during the preparation of her Appellate Brief.”
We find appellant has failed to demonstrate that these documents were unobtainable with due diligence for the original hearing. Additionally, we do not find these documents would have affected the outcome of the case. Accordingly, appellant’s motion to remand is denied.-

*1286
ANALYSIS

On appeal, appellant challenges the trial court’s denial of her motion to vacate the seizure and sale of her home obtained through executory process.
An executory proceeding in Louisiana is an in rem action derived from the civil law. It provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. Lumar v. Mid State Trust II, 99-451, p. 5 (La.App. 5 Cir. 11/10/99), 749 So.2d 712, 714. Defenses and procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and |7sale, or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both. La. C.C.P. art. 2642; American Thrift & Finance Plan Inc. v. Richardson, 07-640, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 105, 108.
A mortgagor who failed to enjoin the sale of property by executory process or who 'did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, may nonetheless institute and maintain a direct action to annul the sale on certain limited grounds, provided the property was adjudicated to and remains in the hands of the foreclosing creditor. American Thrift & Finance Plan Inc. v. Richardson, supra. A sale through executory process can be attacked by means of a direct action, filed after the sale has been completed, solely on the ground that there were defects in the proceedings which are substantive in character and which strike at the foundation of the executory proceeding. Id., citing Reed v. Meaux, 292 So.2d 557 (La.1973). Objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be- used as ground for an action to annul a judicial sale of immovable property by executory process. Lumar v. Mid State Trust II, supra.
Appellant sought to set aside the sale of the property, which was authorized by an order in an executory process, in a motion to vacate the sale. “A judgment rendered by a Court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set aside in a direct action of nullity.” Lowman v. Merrick, 06-921, p. 10 (La.App. 1 Cir. 3/23/07), 960 So.2d 84, 90. Thus, a judgment, even though founded on ill practices, must be presumed to have been regularly obtained until the contrary is shown in direct proceedings. Nethken v. Nethken, 307 So.2d 563, 565 (La.1975).
The Louisiana Supreme Court has stated that any attempt to nullify a sale authorized by executory process must be brought in a direct action. Reed v. Meaux, 292 So.2d at 560. A direct action means “that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits.” Nethken v. Nethken, supra.
 A motion to vacate is not a direct action. Rather, it is a summary proceeding, which does not require citation and other formalities required in ordinary proceedings. La. C.C.P. art. 2591; See Taylor v. Hixson Autoplex of Alexandria, Inc., 00-1096, p. 10 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1288. Further, appellant’s amended motion to vacate, which she claimed was “now styled as a petition for nullity,” was not a direct action. It was never filed as a petition, but rather was filed as a motion in the same proceeding as the original suit filed by Deutsche Bank. Additionally, Deutsche Bank was never cited to appear.
*1287 Appellant’s motion to vacate was an improper procedural vehicle to attempt to nullify the sale. As stated above, our law requires an attempt to nullify the sale of property sold pursuant to executory process be asserted by direct action. Appellant never brought a direct action. Therefore, we find no error in the trial court’s ruling denying appellant’s motion to vacate.

AFFIRMED