. SUSAN M. CHEHARDY, Chief Judge.
^Defendant, Peter McCall, appeals from the 24th Judicial District Court’s December 1, 2014 judgment affirming the Jefferson Parish Bureau of Administrative Adjudication’s July 1, 2014 judgment against him. For the reasons that follow, we affirm the judgment of the district court.
On April 12, 2014, Tracey Borne, a Jefferson Parish Humane Officer, responded to a complaint regarding dogs at 6544 Rue Louis Phillippe in Marrero, Louisiana. Upon arriving-to the scene, Officer Borne observed “over fifteen” dogs on the property: spine chained up in the yard, several of which displayed injuries, some in the residence with a noticeable overaccumulation of feces, and one dog inside a vehicle. There was no food, no water, and more dogs than doghouses. Officer Borne also observed a severely injured dog being repeatedly attacked by other dogs. No one was home so Officer Borne contacted the .resident, Mr. McCall.
When Mr. McCall arrived to his house, Officer Borne advised him that the severely injured dog needed veterinary care immediately. Mr. McCall declined, goffering to treat the dog himself and explaining that he could not take the dog to a clinic because his only means of transportation was a bicycle. At Officer Borne’s insistence, Mr. McCall relinquished the dog to the officer, who subsequently transported it to a veterinary clinic where the severity of its injuries necessitated euthanasia.
Officer Borne also learned that none of the animals had current vaccinations. Animal shelter records associated with Mr. McCall’s address indicated that the Jeffer *175 son SPCA and the Humane Society had been assisting Mr. McCall through the Pets for Life program which provides vaccinations and spay/neuter procedures at no cost, if the owner agrees to spay/neuter the animals.. Since Mr. McCall had refused to spay/neuter his dogs, they did riot receive the vaccinations. For the forego-mg inhumane conditions and treatment of the animals, Officer Borne issued warnings, of ordinance violations to Mr.- McCall.
On May 16, 2014, by certified mail, Mr. McCall received notice[1] that he was accused of violating Sections, 7-66,[2] 7-126,[3] and 7-143[4] of the Jeffersori Parish Code *176 Lof Ordinances .and was notified of his hearing date. The hearing was held on July 1, -2014 before the Jefferson Parish Bureau of Administrative Adjudication (“the Bureau”). At the conclusion of the hearing, the Bureau found Mr. McCall in violation of Sections 7-66, 7-126, and 7-143 for “having animals without (proof of) current vaccinations, tethering/chaining dogs, allowing accumulation of feces, failing to care for and/or provide veterinary care, and provide shelter, food and water to dogs residing at the property located at 6644 Rue Louis Phillippe, Marrero, Louisiana.” For these violations, the Bureau assessed Mr. McCall a $150.00 hearing cost; prohibited him from owning or having animals, including visiting animals, in his possession/care for the duration of his occupancy in Jefferson Parish; ordered him to surrender all dogs in his possession to the Jefferson Parish Animal Shelter within thirty days of the signing óf the order; and assessed but suspended a $1,500.00 fine pending timely surrender of the dogs to the animal shelter.
*175 It shall be the duty of the owner or keeper of every dog or cat over four (4) months old ■ to register same with the animal shelter department by purchasing a dog or cat license. Such license shall be dated and indicate the number of the license tag "issued for the dog or cat at the time it is vaccinated by a licensed veterinarian or licensed veterinary technologist with appropriate anti-rabies' vaccine at- the owner’s expense. The license tag shall indicate the current calendar year and the telephone number of the animal shelter. The license tag shall be fastened to the dog’s collar or harness and worn at all times when the dog is off the premises of. the owner. The license must be renewed no later than one (1) year from the latest vaccination date and no dog or cat shall be vaccinated without the issuance of a license or licensed ■ without a current rabies vaccination. - If- a . license tag is lost, a duplicate tag may be: issued for a specified charge upon presentation of the original license receipt.
*176 | ^Pursuant to La. R.S. 13:2575.1(0 and Section 2.5-10 of the Jefferson Parish Code of Ordinances, Mr. McCall appealed the Bureau’s judgment to the 24th Judicial District Court.[5] Following a hearing on November 6, 2014, the district court affirmed the Bureau’s judgment, which it followed with a written judgment on December 1, 2014. Mr. McCall now appeals to this Court.
In a four-sentence brief, Mr. McCall argues that he was denied a fair hearing before the 24th JDC because he was denied the opportunity to cross-examine witnesses and present evidence, and that important evidence was withheld (i.e., police reports and case notes) from him.
In this case, the 24th JDC functioned as a court of appeal. As such, it is a court of record and cannot receive new evidence. See Deutsche Bank Nat’l Trust Co. ex rel. Morgan Stanley ABS Capital I, Inc. v. Carter, 10-663 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1285, writ denied, 11-392 (La.4/8/11), 61 So.3d 691 (“An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence.”). Therefore, Mr. McCall’s argument that he was denied the opportunity to cross-examine witnesses and present evidence is without merit. In addition, Mr. McCall provides no support for his vague and conelusory allegation that evidence was withheld from him.
Our review of the record indicates that Mr. McCall was timely notified of the ordinance violations and was afforded a hearing in accordance with the procedures outlined in La. R.S. 13:2575 and Section 2.5-7 of the Jefferson Parish Code of Ordinances. The testimony offered at the hearing supported .the Bureau’s judgment. We see no reason to disturb the rulings below.
*177 I ¿DECREE
For the foregoing reasons, the judgment of the 24th Judicial District Court is affirmed.

AFFIRMED

. The owner of the property, New Orleans Enterprises, Inc,, was also notified of the violations via its registered agent, Keith Nunez,

. Section 7-66 provides:

. .Section 7-126 provides:
(a) No person shall ill-treat, neglect, abandon, o'r cruelly treat an animal. No person shall unnecessarily or cruelly beat, mutilate, kill, torture, inflict injury, or abuse, or cause or procure to be cruelly beaten, mutilated, killed, tortured, injured, or abused, any animal or commit any act which under any other law constitutes cruel treatment, or fail to provide obviously necessary veterinary care. .
(b) No animal shall be tethered as a means of stationary confinement; such stationary confinement by tethering shall be - considered as cruel treatment, - ,
(c) No animal shall be denied access to proper food, water, shelter, sanitary and safe environment, or proper veterinary care as is provided in section 7-16 and in Division 6 of Chapter 7.
(d) No domesticated animal shall be transported or carried in or upon any vehicle in a cruel, inhumane, or dangerous manner. Any animal transported in the open bed of a vehicle must be safely and securely located in a secure crate or'carrier'that is fastened to the bed of the vehicle to prevent the animal from jumping out of such vehicle or otherwise injuring itself. Any other such transport shall be considered animal neglect. No' animal shall be left inside a vehicle or in á crate/carrier while unattended unless there is reasonable containment during acceptable weather conditions or the animal is provided proper temperature control with regular monitoring conditions, in- ' eluding but not limited to during American Kennel Club sanctioned events.
(e) When a person is charged with cruelty to ■ animals, said person’s animal may be seized. Any animal so seized shall be impounded in the custody of the Jefferson Parish Animal Shelter or other location approved by the Director of the Jefferson Parish Animal Shelter.
(f) All charges subject to Division 6 are subject to the ¡jurisdiction of the bureau of administrative adjudication and also the Jefferson Parish District Attorney’s Office for criminal prosecution under relative procedures and law. ■

.Section 7-143 provides:
Failure of any person to adequately house, feed "and water animals in his possession or custody' shall constitute a misdemeanor, and, upon conviction, such person shall be fined and/or imprisoned according to the provisions of section 7-33, or may be both fined and imprisoned in the discretion of the court, Such animals shall be subject to -, seizure and impoundment and, upon conviction of such person, may be sold or eu-thanized in the discretion of the animal *176 shelter department, and such failure shall constitute grounds for revocation of license, permit, certification or registration by the department,

. La. R.S. 13:2575.1(C) provides: "In the parish of Jefferson, any party aggrieved by any administrative adjudication procedure pursuant to the provisions of this Chapter may appeal to the appropriate district court a determination of a hearing officer made pursuant to this Chapter.”
Section 2.5-10 of the Jefferson Parish Code of Ordinances provides in pertinent part: "Any party aggrieved by a decision of the hearing officer pursuant to this chapter may appeal this determination to the Twenty-Fourth Judicial District Court of the Parish of Jefferáon.”