SUNSET HARBOUR, L.L.C.

VERSUS

AMER ZUGHAYER, ET. AL.

NO. 23-CA-267

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-156, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

May 22, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Timothy S. Marcel

**FEBRUARY 8, 2023 JUDGMENT VACATED**
**JANUARY 10, 2023 JUDGMENT REVERSED;**
**JUDGMENT RENDERED**
    **MEJ**
    **FHW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
SUNSET HARBOUR, L.L.C.
        Nathaniel M. Phillips

COUNSEL FOR DEFENDANT/APPELLANT,
JEFFERSON PARISH SHERIFF JOSEPH P. LOPINTO, III
        Kenneth C. Fonte

COUNSEL FOR DEFENDANT/APPELLEE,
JOHN PAGE AND YOLANDA PAGE
        Adrian F. LaPeyronnie, III

**JOHNSON, J.**

Defendant/Appellant, Sheriff Joseph P. Lopinto, III ("the Sheriff"), seeks review of the 24th Judicial District Court's January 10, 2023 and February 8, 2023 judgments denying his claim to the net proceeds of a sale, deposited in the Registry of the Court, as a result of the judicial partition of 15 Azalea Lane in Jefferson Parish and granting John and Yolanda Page's claim to the deposited funds; and subsequently granting the Pages' former counsel Jim S. Hall and Associates LLC's Petition for Intervention and ordering the deposited funds to be released to Jim S. Hall and Associates, the Pages, and the Pages' counsel Greenberg & LaPeyronnie, LLC. For the reasons that follow, we vacate and reverse the trial court's February 8, 2023 and January 10, 2023 judgments, respectively, and render judgment in favor of the Sheriff.

## FACTS AND PROCEDURAL HISTORY

On June 3, 2013, Defendants/Appellees, John and Yolanda Page ("the Pages"), recorded an August 17, 2012 money judgment for $70,000.00, plus costs, against Adel and Adham, Inc., DBA Mike's Discount Store, Amer Zughayer, and Juma A. Mousaisom in the Jefferson Parish Mortgage Records in order to obtain a judicial mortgage. Amer Zughayer, a judgment debtor in that case, owned the property located at 15 Azalea Lane in Marrero, at the time the judicial mortgage was recorded.

On October 24, 2013, the Sheriff's predecessor, Sheriff Newell Normand, filed into the mortgage records of the Jefferson Parish Clerk of Court a tax lien and privilege against both the movable and immovable property of Amer Zughayer for unpaid sales and occupational license taxes, penalties, interest, and attorney's fees for the period of January 2011 through July 2013. On December 10, 2013, Sheriff Normand obtained a judgment for $125,281.97, together with legal interest thereon

from the date of judicial demand and attorney fees, which he recorded as a judicial mortgage that same day.

On August 16, 2017, Sheriff Normand sold a tax sale title for an undivided 1% interest in the 15 Azalea Lane property to NAR Solutions, Inc. (formerly known as Nebraska Alliance Realty Company), which in turn transferred its 1% tax sale title interest to Plaintiff/Appellee, Sunset Harbour, L.L.C. ("Sunset Harbour") on January 20, 2021.

A few days after Sunset Harbour obtained the 1% tax sale interest in 15 Azalea Lane, it filed a Petition to Confirm and Quiet Title to Immovable Property and Partition. Defendants named therein included Amer Zughayer, the Sheriff, in his official capacity as Sheriff and Ex-Officio Tax Collector, and the Pages. The Pages filed their answer to the Petition on March 8, 2021. No other defendant filed responsive pleadings to the Petition. The Pages alleged in their answer they possessed a vested property right through the August 17, 2012 money judgment, recorded on June 3, 2013, which became a judicial mortgage. The Pages prayed that the court find Sunset Harbour had no interest in the property, or, in the alternative that there be judgment confirming Sunset Harbour's 1% interest in the property, and Sunset Harbour be awarded reimbursement for expenses in an amount not to exceed 1% of the net value for which the property is sold.

On August 26, 2021, Sunset Harbour moved for preliminary default. Sunset Harbour claimed that all of the defendants, including the Sheriff and Amer Zughayer, received service of the citation *via* personal service, and none of the defendants (with the exception of the Pages) answered within the six months of service provided by La. R.S. 47:2266(A), or filed any responsive pleadings. On October 6, 2021, Sunset Harbour certified to the court that the proposed Motion for and Consent Judgment, between Sunset Harbour and the Pages regarding the 15 Azalea Lane property was circulated to all of the other parties by certified mail on

September 24, 2021 and no opposition had been received. On October 8, 2021, in accordance with the Consent Judgment, the district court ordered, adjudged, and decreed judgment in favor of Sunset Harbour as follows:

1) Quieting and Confirming Plaintiff's title to the property described, *supra,* declaring it to be the owner of 1% of the Property free of any interest held by JOHN PAGE AND YOLANDA PAGE;

2) Enjoining and forever prohibiting JOHN PAGE AND YOLANDA PAGE from setting up any right, title, or interest over or to the 1% of the Property owned by Plaintiff;

3) Ordering the Clerk of Court for the Parish of Jefferson to **PARTIALLY CANCEL** the Judgment recorded June 3, 2013 as Instrument no. 11326810, MOB 4576, folio 488 in favor of JOHN PAGE AND YOLANDA PAGE insofar as it encumbers the property described, *supra;*

4) Ordering that should there be any difference between the legal description of the Property as it appears herein and Plaintiff's Tax Sale Certificate, the Tax Sale Certificate is hereby reformed to mirror the legal description of the Property as set forth in this Judgment;

5) Ordering that 100% of the Property be advertised and sold at public auction **WITHOUT APPRAISAL,** but with the minimum bid amount to include the total reimbursement amount of this judgment, by the Sheriff of Jefferson Parish, with SUNSET HARBOUR, L.L.C. being reimbursed $2,164.67 for the 2016 *ad valorem* taxes it paid, with interest at the rate of 1% per month from entry of judgment herein through the Sheriff's Sale, together with interest and costs to date in the amount of $7,168.92, pursuant to LA. C.C. ARTS. 804, 806, 496, and 497, and LA. CODE CIV. PRO. ARTS. 4613 and 4626, for a total reimbursement of **$9,333.59** plus interest accrued as recited herein, assessed against the gross proceeds of the sale and payable directly to SUNSET HARBOUR, L.L.C. and declaring that all amounts Plaintiff is owed in reimbursement outrank any other encumbrances, including the Judgment in favor of JOHN PAGE AND YOLANDA PAGE, *supra;*

6) Ordering that the remaining proceeds of the sale be split pro rata in accordance with the ownership interests of the Parties, with Plaintiff, SUNSET HARBOUR, L.L.C., owning a 1% interest paid directly from the remaining sale proceeds;

7) Declaring that the Judgment recorded in favor of JOHN PAGE AND YOLANDA PAGE, described *supra,* shall attach to the remaining proceeds of the partition sale, after payment of Plaintiff's reimbursement, and after payment of Plaintiff's 1% ownership share, and ordering that JOHN PAGE AND YOLANDA PAGE SHALL BE PAID: (1) **$83,880.48** plus judicial interest thereon from September 1, 2021 until paid representing a judgment award of $50,000.00 for

damages; AND (2) **$33,552.19** plus judicial interest thereon from September 1, 2021 until paid representing a judgment of attorney's fees of $20,000.00; AND (3) **$1,921.57** plus judicial interest thereon from September 1, 2021 until paid representing a judgment for costs, said judgment dated August 17, 2012 rendered in favor of John Page and Yolanda Page in the Civil District Court for the Parish of Orleans, State of Louisiana in matter no. 07-12958, Division E-07, titled "Yolanda Page, wife of/and John Page vs. Adel and Adham, Inc., D.B.A. Mike's Discount Store, Amer Zughayer, and Juma A. Mousaisom", and filed for record in the Conveyance Office of the Jefferson Parish Clerk of Court on June 3, 2013, assigned act no. 11326810, and recorded in MOB 4576, page 488, through their undersigned counsel, in satisfaction of the Judgment in their favor, directly from the remaining sale proceeds; and

8) Ordering that the Sheriff of Jefferson Parish and/or the appointed Notary Public shall deposit the remaining net sale proceeds, if any, after deduction and payment of their costs and commissions and the reimbursements described, *supra,* into the Registry of the Court.

   **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that that there is no appeal from this judgment and that it shall have full and immediate effect.

   **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SUNSET HARBOUR, L.L.C. and JOHN PAGE AND YOLANDA PAGE shall each bear and be responsible for their own attorney's fees, expenses, and taxable costs.

Notably, in the Consent Judgment, the Pages consented to the partial cancellation of their judicial mortgage to the extent it encumbered the 15 Azalea Lane property. Also, no judgment was entered against any of the other defendants and/or creditors.

On January 4, 2022, Sunset Harbour filed a Motion for Hearing to Confirm Default against Mr. Zughayer, the Sheriff, and other creditors. In an Affidavit of Service pursuant to La. C.C.P. art. 1704, counsel for Sunset Harbour confirmed that he was able to serve notice of his intent to obtain a default judgment on the State of Louisiana through the Attorney General via certified mail, and on the Sheriff, who was served personally through the Jefferson Parish Coroner's Office.

After a hearing on February 7, 2022, the district court entered a default judgment on February 10, 2022 in favor of Sunset Harbour and against Amer

Zughayer, the State of Louisiana, the Sheriff in his official capacity, as well as

other defendants, confirming and quieting Sunset Harbour's tax title to an

undivided 1% of the Azalea Lane property. The judgment also ordered partition by

licitation, as well as the following orders:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Clerk of Court for the Parish of Jefferson is authorized and commanded to **PARTIALLY CANCEL** the following inscriptions insofar as they encumber the Property:
> [ . . . ]
> 8. A Money Judgment in favor of JOSEPH P. LOPINTO, III, IN HIS OFFICIALCAPACITY AS SHERIFF AND EX-OFFICIO TAX COLLECTOR FOR THE PARISH OF JEFFERSON recorded December 10, 2013 as Instrument no.11359798, MOB 4599, Folio 542; and
>
> 9. A Tax Lien in favor of JOSEPH P. LOPINTO, III, IN HIS OFFICIAL CAPACITYAS SHERIFF AND EX-OFFICIO TAX COLLECTOR FOR THE PARISH OF JEFFERSON recorded October 24, 2013 as Instrument no. 11352563, MOB 4594, Folio 455.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SUNSET HARBOUR, L.L.C. shall be reimbursed $2,186.54 for the 2016 *ad valorem* taxes it paid, with interest at the rate of 1% per month (being $21.87 per month) from entry of judgment herein through the Sheriff's Sale, together with $1,311.92 as penalty and interest accrued through the date of this judgment pursuant to LA. R.S. § 47:1993(G), 47:2127(B), and 47:2243, plus court costs and attorney fees for this unopposed partition in the amount of $6,000 pursuant to LA. CODE CIV. PRO. ARTS. 4613 and 4626, for a total reimbursement of **$9,498.46,** assessed against the gross proceeds of the sale and payable directly to SUNSET HARBOUR, L.L.C.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the remaining proceeds of the sale be split pro rata in accordance with the ownership interests of the Parties, with Plaintiff, SUNSET HARBOUR, L.L.C., owning a 1% interest paid directly from the remaining sale proceeds.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the remaining proceeds of the sale shall be paid to JOHN PAGE and YOLANDA PAGE in accordance with the Consent Judgment entered in this matter on October 8, 2021.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Sheriff of Jefferson Parish or the appointed Notary Public shall deposit the net sale proceeds, after deduction and payment of the Sheriff's costs and commission and the disbursements recited, *supra,* into the Registry of the Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Judgment shall constitute a final and appealable judgment pursuant to LA. CODE CIV. PRO. ARTS. 1841, 1911, 1918, and 1919 or, alternatively, this Judgment shall constitute a final and appealable judgment pursuant to LA. CODE CIV. PRO. ART. 1915(B)(1) as there is no just reason for delay.

According to the transcript of the February 7, 2022 hearing, Sunset Harbour requested a default judgment against Amer Zughayer, the Sheriff, and four other named defendants in the suit to quiet 1% ownership *via* tax title with a request for partition by licitation and reimbursement. The February 10, 2022 judgment ordered the Clerk of Court to partially cancel all remaining mortgages and the Sheriff's tax lien to the extent they encumbered the property. The Pages' judicial mortgage was cancelled on April 27, 2022.

On July 11, 2022, at the Sheriff's request, the clerk of court issued a writ of fieri facias for the seizure of Mr. Zughayer's property under the Sales Tax Judgment of December 10, 2013. That same day, the Sheriff filed a notice of seizure into the mortgage records which described the property to be seized as a 99% undivided ownership interest in the Azalea Lane property. Also described in the notice is 99% of the net proceeds from any judicial sale or any judicial partition sale, including the sale conducted pursuant to the February 10, 2022 judgment rendered by the 24th Judicial District Court in case number 814-156.

The partition sale took place on July 13, 2022 and documents regarding the sale were filed into the record a few weeks later. On July 29, 2022, the Sheriff filed a Rule to Deposit Funds into the Registry of the Court and prayed that the creditors and/or defendants show cause as to the manner in which the funds from the sale of 15 Azalea Lane, $92,907.02, were to be distributed. The Pages filed a Claim to Deposited Funds on August 29, 2022, and cited the district court's earlier judgment that ordered that the remaining proceeds from the sale deposited with the

Registry of the Court be awarded to them and released to their counsel in partial satisfaction of their judicial mortgage.

The Sheriff filed a Claim to All of the Net Proceeds of the Judicial Partition Sale of the Azalea Lane Property Deposited into the Registry of the Court and Opposition to the Claim of John Page and Yolanda Page on September 1, 2022. He attached proof of the seizing creditor's privilege he obtained in July 2022 under La. C.C.P. art. 2292[1], along with his money judgment, judicial mortgage and tax lien. The Pages filed an Opposition to the Sheriff's claim on October 17, 2022. Olivia Byers, the notary public who was appointed to assist with the sheriff's sale and *proces verbal* of the subject property, also filed a claim for $1,000.00.

The district court heard the matter on October 25, 2022, entered judgment in favor of Ms. Byers, and ordered the Jefferson Parish Clerk of Court to release $1,000 to her employer, as full and final satisfaction for the work completed in connection with the partition sale. The court also took the Sheriff's and the Pages' claims under advisement and ordered those parties to supplement their memoranda by November 9, 2022. On November 16, 2022 Jim S. Hall & Associates, LLC ("Hall"), the Pages' former counsel, filed a Petition of Intervention to Claim the Deposited Funds, seeking $20,000.00 plus costs and interest.

After considering the pleadings, law and evidence, exhibits and supplemental memoranda, the district court entered judgment in favor of the Pages and against the Sheriff on January 10, 2023. In this judgment, the court also set a hearing date for Hall's Petition for Intervention. After a February 8, 2023 hearing,

---

[1] Louisiana Code of Civil Procedure art. 2292. Privilege of creditor on seized property; successive seizures

A. To the extent not otherwise governed under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.), a seizing creditor, by the mere act of seizure, acquires a privilege on the property seized, which entitles him to a preference over ordinary creditors.
B. When several seizures of the same property are made by ordinary creditors, the seizing creditors acquire a privilege and are entitled to a preference among themselves according to the order of their seizures.

the district court also issued judgment in favor of Hall and against the Pages for $31,408.40 for attorney's fees and costs from the personal injury case, plus interest, and ordered the Clerk of Court to release that sum of the funds deposited in the Registry of the Court to Hall. The district court then ordered the remaining $60,587.62 of the funds to be released to the Pages and their counsel, Greenberg & LaPeyronnie, LLC.

Sheriff Lopinto timely appeals the district court's January 10, 2023 and February 8, 2023 judgments. The district court granted his motion for suspensive appeal without bond on February 17, 2023.

### ASSIGNMENTS OF ERROR

1. The district court erred by denying the Sheriff's claim to the funds deposited into the Registry of the Court and by failing to award and order the release of the deposited funds to the Sheriff.

2. The district court erred by granting the claims of the Pages, Greenburg & LaPeyronnie, LLC, and Hall, and by ordering the release of the deposited funds to them.

Sheriff Lopinto argues that the seizing creditor's privilege he obtained on the Azalea Lane property, by the mere act of seizure, gave him a privilege on the property seized, under La. C.C.P. art. 2292, afforded him a preference over ordinary creditors, and became effective and enforceable on July 11, 2022. He further argues that the privilege is "independent and distinct from the partial cancellation of the Sheriff Lopinto's "Judicial Mortgage and Tax Lien" on the property and the seizing creditor's privilege attaches to Mr. Zughayer's 99% share of the partition sale proceeds. Under La. C.C. art. 815, a mortgage, lien, or privilege that burdens a co-owner's share of a thing attaches to his share of the proceeds of the sale when a thing is partitioned by licitation. The Sheriff concludes that his tax lien also encumbers the tax debtor's movable property, but the Pages have no privilege with respect to the net proceeds, because they agreed to and the district court ordered the partial cancellation of their judicial mortgage with respect

to the Azalea Lane property prior to the partition sale. He also avers that the Consent Judgment between Sunset Harbour and the Pages does not affect the ranking of his seizing creditor and tax lien privileges, which burden the tax debtor's movable and immovable property, and that there is no decretal language granting the Pages or Sunset Harbour any relief against the Sheriff.

The Pages counter that the district court's October 8, 2021 Consent Judgment and February 10, 2022 Default Judgment were final judgments that ranked the Sheriff's claim as inferior to those of Sunset Harbour and the Pages respectively and determined the amounts to be paid to each judgment creditor; and Sheriff Lopinto did not appeal either of those judgments. The Pages claim that the Consent and Default Judgments "are res judicata to the Sheriff's claim" to the extent he seeks to (re-)determine the ranking of the claims. The Pages further argue that the Sheriff's "subsequent seizure was not authorized by law and does not serve as a legal predicate for the creation of a La. C.C.P. art. 2292 seizing creditor's privilege" and his claim to the sale proceeds was untimely asserted. Also, the Pages argue that their judicial mortgage, which was recorded six months before the Sheriff's, attached to all of Mr. Zughayer's present and future property, and their claim was superior to the Sheriff's claim.

Sunset Harbour also contends that the Consent and Default Judgments are *res judicata*, that the Sheriff is not entitled to relief even if *res judicata* does not apply, and that the Sheriff's reliance on La. C.C.P. art. 2292 and La. R.S. 47:337.65 are misplaced. Sunset Harbour argues that since the Sheriff did not file a petition for nullity, a motion for new trial, or a timely appeal of the Consent and Default Judgments, those judgments "are presumed valid and to have the force of a thing adjudged", citing *Deutsche Bank Nat. Tr. Co. v. Carter,* 10-663 (La. App. 5 Cir.1/25/11), 59 So.3d 1282, 1286, *writ denied,* 11-392 (La. 4/8/11), 61 So.3d 691. Sunset Harbour also avers that La. C.C.P. art. 2292 only provides the seizing

creditor with a superior privilege over ordinary creditors and the Pages were secured creditors. Last, it avers that the Pages' judicial mortgage was recorded prior to the Sheriff's, and attached to the sale proceeds, as it outranked the Sheriff's.

## LAW AND DISCUSSION

A judicial mortgage is an "instrument that ... establishes a real right in or over an immovable", created when a judgment for the payment of money is filed with the recorder of mortgages. La. C.C. arts. 3299, 3300 and 3338. Property susceptible to mortgage is corporeal immovable property and component parts. La. C.C. art. 3302. Judicial mortgages are general mortgages established over the obligor's present and future property when he acquires it. La. C.C. arts. 3286 and 3303.

Louisiana Civil Code Article 3307 lays the foundation for the ranking of mortgages, providing that "the mortgagee is preferred to ... others whose rights become effective after the mortgage becomes effective as to them." A mortgage becomes effective as to a third person when it is recorded in the appropriate mortgage records. La. C.C. arts. 3338. All mortgages rank in the order they are filed in the mortgage records in the parish where the real estate is located. That mortgage which is recorded first has priority over subsequently recorded mortgages. Peter S. Title, 1 La. Prac. Real Est. § 15:2 "Mortgage priority" (2d ed. 2020); La. C.C. art. 3307.

A judicial mortgage, like any other type mortgage, can only be extinguished by one of the methods enumerated in La. C.C. art. 3319. These include extinction of the thing mortgaged, confusion (the mortgagee acquiring ownership of the thing mortgaged), *consent of the mortgagee*, and "discharge through execution or other judicial proceeding in accordance with the law." La. C.C. art. 3319; *James v.*

*Ocean Nat., L.L.C.*, 04-2119 (La. App. 4 Cir. 5/18/05), 905 So.2d 1096, 1101, *writ denied*, 05-2108 (La. 2/10/06), 924 So.2d 171.

In this matter, only the Pages' judicial mortgage was cancelled with their consent. The Pages' judicial mortgage was cancelled in April 2023, but the sale of the property by licitation did not occur until July 2023. However, under  La. R.S. 47:337.65[2], the tax payment due to the Sheriff operated as a lien, privilege, and mortgage on all of Zughayer's *movable* and immovable property. Therefore, by operation of La. C.C.P. art. 2292, the tax lien attached to and must be satisfied from the cash proceeds from the sale – a movable.

The sad irony that the Pages' consent to the partial cancellation of their judicial mortgage before the tax sale caused them to lose their position as the prime ranking creditor with regards to being able to satisfy their money judgment with the proceeds from the sale of the Azalea Lane property is not lost on the Court. Both the October 2021 Consent Judgment and the Default Judgment issued a year later confirming and quieting title and ordering partition by licitation purported to attach the Pages' judicial mortgage to the proceeds from the sale of 15 Azalea Lane. But, we cannot give retroactive effect to a right that no longer existed by the date of the sale. Once the Pages' judicial mortgage was cancelled with respect to 15 Azalea Lane, the property was no longer burdened by the extinguished mortgage; thus, the Pages were no longer secured creditors with respect to the

---

[2] La. R.S. 47:337.65. Tax obligation to constitute a lien, privilege and mortgage

Except as is specifically provided in the laws regulating building and loan associations, any tax, penalty, interest, attorney fees, or other costs due shall operate as a lien, privilege and mortgage on all of the property of the tax debtor, both movable and immovable, which said lien, privilege and mortgage shall be enforceable in any court of competent jurisdiction in an action, at law, or may be enforced as otherwise provided by this Chapter. The collector may cause notice of such lien, privilege and mortgage to be recorded at any time after the tax becomes due, whether assessed or not, and regardless of whether or not then payable, in the mortgage records of any parish wherein the collector has reason to believe the tax debtor owns property. The lien, privilege and mortgage created by this Section shall affect third parties only from the date of recordation and shall take their respective ranks by virtue of recordation.

property and, after the partition of licitation was perfected, their then non-existent, judicial mortgage could not attach to the proceeds of the judicial sale under La. C.C. art. 815. If it had not been cancelled, the Pages' superior mortgage would have been satisfied first under La. C.C.P. 2374[3]. Instead, the Sheriff, as a result of the writ of fieri facias he filed on September 1, 2022, became the seizing creditor under La. C.C.P. arts. 2292(A) and 2373[4], and is entitled to be paid first.

Last, because the Sheriff became the seizing creditor, to be paid first, the district court committed error when it ordered funds from the proceeds of the sale of the Azalea Lane property placed in the Registry of the Court to be released to Jim S. Hall and Associates, LLC, and the Pages and their counsel, Greenberg & Peyronnie, LLC.

### *DECREE*

Considering the foregoing, the February 8, 2023 judgment granting Jim S. Hall and Associates, LLC's Petition for Intervention and releasing proceeds of the sale to the Pages and the law firms is vacated. The January 10, 2023 judgment is reversed; Sheriff Lopinto's claim to the net proceeds of the judicial partition sale of the Azalea Lane property, $92,907.02, is GRANTED and the district court is ORDERED to release the funds in its Registry to the Sheriff; the Pages' claim to the deposited funds is DENIED.

**FEBRUARY 8, 2023 JUDGMENT VACATED**
**JANUARY 10, 2023 JUDGMENT REVERSED;**
**JUDGMENT RENDERED**

---

[3]La. C.C.P. art. 2374. Property subject to superior mortgage; payment of price

> If there is a security interest, mortgage, lien, or privilege on the property superior to that of the seizing creditor, the purchaser shall pay to the sheriff only that portion of the sale price which exceeds the amount of the superior security interest, mortgage, lien, or privilege.

[4] La. C.C.P. art. 2373. Distribution of proceeds of sale

> After deducting the costs, the sheriff shall first pay the amount due the seizing creditor, then the inferior security interests, mortgages, liens, and privileges on the property sold, and shall pay to the debtor whatever surplus may remain.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 22, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-267

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
NATHANIEL M. PHILLIPS (APPELLEE)      KENNETH C. FONTE (APPELLANT)      ADRIAN F. LAPEYRONNIE, III (APPELLEE)

**MAILED**

OLIVIA KEEN (APPELLEE)
700 CAMP STREET
NEW ORLEANS, LA 70130

JENNIFER L. CROSE (APPELLEE)
MATTHEW B. MORELAND (APPELLEE)
ATTORNEYS AT LAW
800 NORTH CAUSEWAY BOULEVARD
SUITE 100
METAIRIE, LA 70001