ANTHONY HYGINUS

VERSUS

OCHSNER CLINIC, ET AL

NO. 24-CA-263

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 849-552, DIVISION "D"
HONORABLE JOHN E. LEBLANC, JUDGE PRO TEMPORE, PRESIDING


January 29, 2025


**TIMOTHY S. MARCEL**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel


**AFFIRMED AS AMENDED**
   **TSM**
   **JGG**
   **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ANTHONY HYGINUS
    Pius A. Obioha
    Joseph R. Barbie, Sr.

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER CLINIC, OCHSNER CLINIC FOUNDATION, OCHSNER HEALTH
FOUNDATION AND OCHSNER HEALTH NETWORK, L.L.C.
    T. Gregory Schafer
    Joseph J. Lowenthal, Jr.

**MARCEL, J.**

In this case arising from damages allegedly caused by an alleged elevator malfunction, plaintiff appeals a judgment of the district court granting defendants' peremptory exception of prescription. For the following reasons, we amend and affirm as amended the judgment of the district court.

BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2021, plaintiff Anthony Hyginus was in an elevator at Ochsner Hospital on Jefferson Highway when an alleged malfunction caused the elevator to suddenly drop. This incident gave rise to three filings by plaintiff to recover personal injury damages. The first petition, filed in the 24th Judicial District Court on December 21, 2022, was voluntarily dismissed without prejudice by plaintiff. A second petition, filed in the Orleans Parish Civil District Court on December 22, 2022, was also voluntarily dismissed without prejudice by plaintiff. The third petition, filed in the 24th Judicial District Court on December 6, 2023, was dismissed on an exception of prescription, from which plaintiff appeals to this Court.

Plaintiff's dual filings in the 24th Judicial District Court and in the Orleans Parish Civil District Court in December 2022 was attributable to confusion as to whether the Ochsner Hospital building where the incident occurred is located in Jefferson Parish or Orleans Parish. In response to plaintiff's petition first filed in the 24th Judicial District Court, Ochsner filed an exception of no cause of action on grounds that plaintiff was its employee at the time of the alleged incident. Also filed by Ochsner was an exception of vagueness and ambiguity to plaintiff's petition. On February 27, 2023, before a hearing on the Ochsner defendants' exceptions, the district court granted plaintiff's voluntary motion to dismiss his December 21, 2022 petition without prejudice.

In the Orleans Parish Civil District Court action, Ochsner excepted to plaintiff's petition on grounds of improper venue, no cause of action, and vagueness and ambiguity. Another named defendant to that suit, TK Elevator Corporation, also raised an exception of improper venue. A stay of proceedings before a hearing on defendants' exceptions was agreed upon by all parties. Pending before an appellate court at that time was the question of proper venue for cases involving Ochsner Hospital on Jefferson Highway. After a ruling that the 24th Judicial District Court is the proper venue in such cases, plaintiff filed an *ex parte* motion to transfer the Orleans Parish Civil District Court action to the 24th Judicial District Court, which the Civil District Court judge signed. That *ex parte* order was subsequently vacated on a joint unopposed motion; plaintiff subsequently moved to dismiss the Civil District Court action without prejudice on December 17, 2023.

The instant action for recovery of personal injury damages arising from the afore-described elevator incident was filed by plaintiff in the 24th Judicial District Court on December 6, 2023, where it was assigned the case number 849-852. Named as defendants in this action are Ochsner Clinic, Ochsner Clinic Foundation, Ochsner Health Foundation, Ochsner Health Network, L.L.C., ABC Elevator Manufacturer Company, ABC Elevator Maintenance Company, and ABC Insurance Company. It is asserted, without contravention, that the petition filed on December 6, 2023 is a re-filing of the petition filed by plaintiff on December 21, 2022.

On January 24, 2024, defendants Ochsner Clinic, Ochsner Clinic Foundation, Ochsner Health Foundation, and Ochsner Health Network, LLC, (collectively, "Ochsner defendants") filed a peremptory exception of prescription wherein they argued that plaintiff's delictual actions were subject to a one-year prescriptive period pursuant to La. C.C. art. 3492 and that his previously filed suit

did not serve to interrupt the running of that prescription. The matter came before the trial court for hearing on March 12, 2024, and on March 25, 2024, the court issued a judgment granting the peremptory exception and dismissing with prejudice plaintiff's suit.

## DISCUSSION

On appeal, Mr. Hyginus raises only one assignment of error: whether the trial court legally erred in its interpretation of the applicable Louisiana Civil Code articles in its decision to grant the peremptory exception and dismiss the suit. This presents a question of law. An appellate court reviews questions of law *de novo* to determine whether the trial court was legally correct or incorrect. *Lavigne v. Braud*, 21-508 (La. App. 5 Cir. 12/22/21), 335 So.3d 972, 974.

Liberative prescription is a mode of extinguishing a legal claim that has not been filed by a creditor during a time period stipulated by law. La. C.C. art. 3447. Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. The one year liberative prescriptive period for delictual actions begins to run from the day the injury or damage is sustained. La. C.C. art. 3492.[1] Ordinarily, the party urging prescription bears the burden of proof at the trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed by showing suspension, interruption, or renunciation of the prescription. *Everhome Mortgage Co. v. Lewis*, 16-323 (La. App. 5 Cir. 12/7/16), 207 So.3d 646, 650; *Knight v. Imperial Trading Co.*, 19-41 (La. App. 5 Cir. 5/29/19), 274 So.3d 807, 810. Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. If action is commenced in an incompetent court, or in an improper venue, prescription is

---

[1] As of July 1, 2024, this article has been repealed. La. C.C. art. 3493.1 provides for a two year liberative prescriptive period for all delictual actions arising after July 1, 2024.

interrupted only as to a defendant served by process within the prescriptive period. *Id*. If prescription is interrupted, the time that has run is not counted; prescription begins to run anew from the last day of interruption. La. C.C. art. 3466.

Appellant's arguments primarily concern the interruption of prescription and the trial court's application of La. C.C. art. 3463. The starting point in the interpretation of any statute is the language of the statute itself, as what a legislature says in the text of a statute is considered the best evidence of its intent and will. *Lavigne*, *supra*. It is a fundamental principle of statutory interpretation that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.

La. C.C. art. 3463 states:

A. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending.

B. Interruption is considered never to have occurred if the plaintiff abandons the suit, voluntarily dismisses the suit at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. The dismissal of a suit pursuant to a compromise does not constitute a voluntary dismissal.

In examining this statute, the Louisiana Supreme Court has stated:

This statute could not be clearer: "Interruption of prescription is *considered never to have occurred* if the plaintiff abandons, voluntarily dismisses the action *at any time either before the defendant has made any appearance of record or thereafter*, …" Because interruption is considered never to have occurred, that means the second suit was never interrupted, and it does not matter when the second suit was filed.

*Sims v. Am. Ins. Co.*, 12-0204 (La. 10/16/12), 101 So.3d 1, 6. (Emphasis in original.)

In light of this clear and unambiguous language, we find no error in the district court's granting of defendants' peremptory exception. Because plaintiff voluntarily dismissed his first filed actions, there was no interruption of the

running of prescription, and therefore his December 6, 2023 petition filed nearly two years after the date of the alleged incident is untimely and prescribed.

Finally, we note that the record before us indicates that the exception of prescription was filed only by the Ochsner defendants or less than all of the defendants named in the petition. Thus, the judgment is properly considered as a partial final judgment under La. C.C.P. art. 1915(A). We amend the language of the judgment to state:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claims filed by the plaintiff, Anthony Hyginus, against defendants Ochsner Clinic, Ochsner Clinic Foundation, Ochsner Health Foundation and Ochsner Health Network, LLC are hereby dismissed, with prejudice.

With this amended language, we affirm the judgment of the district court.

**AFFIRMED AS AMENDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-263**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JOHN E. LEBLANC (DISTRICT JUDGE)
HONORABLE JACQUELINE F. MALONEY (DISTRICT JUDGE)
JOSEPH R. BARBIE, SR. (APPELLANT)          PIUS A. OBIOHA (APPELLANT)          JOSEPH J. LOWENTHAL, JR. (APPELLEE)
T. GREGORY SCHAFER (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED